936 F.2d 432
 19 Fed.R.Serv.3d 1120
 Janet LUCAS, personally and as the personal representative
of the Estate of Andrew Robert Lucas and as
Guardian for Mark Andrew Lucas and
Deborah Lynn Lucas, Plaintiff-Appellee,
v.
Innocenzo NATOLI, et al., Defendants-Appellants.
 No. 90-55072.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 5, 1991.*
Decided June 17, 1991.
As Amended Sept. 9, 1991.
 
 Hugh Richard Koss, Lillick & Charles, San Francisco, Cal., for defendants-appellants.
 Earl P. Dolven, Phillips Greenberg, Dolven & Strain, San Francisco, Cal., George E. Moore, Oliver, Sloan, Moore, Vargas, McMillan, Jacobs & Pico, Pasadena, Cal., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of California.
 Before NORRIS, HALL and TROTT, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an interlocutory appeal certified under 28 U.S.C. Sec. 1292(b). Appellants, who were named as defendants in a civil action filed in the United States District Court for the Southern District of California, were served in a foreign country eleven months after the complaint was filed. The question certified for this appeal is whether the requirement of Fed.R.Civ.P. 4(j) that the complaint be served within 120 days after filing applies to service in a foreign country. The district court ruled that it did not because of the plain language of Rule 4(j), which reads, in relevant part: "This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule."[1] Subdivision (i) of Rule 4 in turn specifies the manner of service in foreign countries.
 
 
 2
 We agree with the district court that the plain language of Rule 4(j) makes the 120-day service provision inapplicable to service in a foreign country, and so hold.
 
 
 3
 Appellants' sole argument to the contrary is to no avail. Relying on two cases, Montalbano v. Easco Hand Tools, 766 F.2d 737, 740 (2d Cir.1985), and Gordon v. Hunt, 116 F.R.D. 313, 318 n. 17 (S.D.N.Y.1987), aff'd 835 F.2d 452 (2d Cir.1987), cert. denied, 486 U.S. 1008, 108 S.Ct. 1734, 100 L.Ed.2d 198 (1988), they argue that service in a foreign country must at least be attempted within 120 days. These cases are, however, inapposite. Each case was dismissed under Rule 4(j) because no service had been effected anywhere at the time of the order of dismissal. Accordingly, the question whether the 120-day requirement of Rule 4(j) applies to service in a foreign country was irrelevant.
 
 
 4
 We find the controlling language of Rule 4(j) so clear that it allows no latitude for interpretation. Whether or not the Rules of Civil Procedure should be amended to deal more adequately with the question of service in foreign countries is not for us to decide.
 
 
 5
 Appellants urge us to reach certain issues of personal jurisdiction. Because they were not certified for this appeal, we have no jurisdiction to do so.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 [1]
 Rule 4(j) reads in its entirety:
 (j) Summons: Time Limit for Service
 If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.
 (Emphasis added).