**LORAL FAIRCHILD CORP., Plaintiff**

**v.**

**MATSUSHITA ELECTRIC INDUSTRIAL, COMPANY, LTD., et al., Defendants.**

**No. 91 CV 5056 (SJ).**

United States District Court, E.D. New York.

Oct. 19, 1992.

---

Edward M. Spiro, Kostelanetz Ritholz Tigue & Fink, New York City, James H. Wallace, Jr., Wiley, Rein & Fielding, Washington, D.C., for plaintiff.

Phillip Harris Clements, Mudge Rose Guthrie Alexander & Ferdon, New York City, Jeffry H. Nelson, Nixon & Vanderhye PC, Arlington, Va., for defendants.

## MEMORANDUM AND ORDER

JOHNSON, District Judge:

### BACKGROUND

Plaintiff Loral Fairchild Corp. ("Loral Fairchild") brings this action against Defendant Sharp Corp. ("Sharp–Japan") and others alleging patent infringement. This case originated in the Eastern District of Virginia. In October 1991, Loral Fairchild first attempted to serve (hereinafter referred to as "First Service") Sharp–Japan pursuant to Virginia's substitute service statute. The United States District Court for the Eastern District of Virginia quashed the First Service because it did not comport with the guidelines for service upon a foreign corporation that are required by the Hague Convention.

On November 22, 1991, Loral Fairchild again served (hereinafter referred to as "Second Service") Sharp–Japan. Sharp–Japan filed a second motion seeking dismissal of the Complaint pursuant to Fed.R.Civ.P. ("Rule") 12(b)(4) & (5), for insufficiency of service of process, alleging that the Second Service still had not met the standards of the Hague Convention. Before Loral Fairchild filed its papers in opposition, this case was transferred to the Eastern District of New York on December 13, 1991.

On April 15, 1992, Sharp–Japan received Loral Fairchild's Third Service. Sharp–Japan concedes that this third attempt complies with the requirements of the Hague Convention. Loral Fairchild opposes Sharp–Japan's motion to dismiss the Second Service on the ground that it is moot. Sharp–Japan asserts that the Court cannot determine whether the Third Service is sufficient, and consequently the issue of mootness, until the pending motion regarding the Second Service is decided. Sharp–Japan further claims that Loral's most recent attempt at service is invalid because it fails to comply with the 120 day requirement of Rule 4(j). Finally, in the event that the Third Service is deemed adequate, Sharp–Japan requests a six month discovery extension.

For the reasons stated below, Defendant's motion to dismiss the Complaint against Loral Fairchild on the ground that the Second Service was invalid and the motion to extend discovery are denied.

### ANALYSIS

Loral Fairchild contends that Sharp–Japan's motion to dismiss the Complaint on the ground that the Second Service was improper is now moot because its Third Service was valid. Mootness is defined as having no "legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). Under this definition, it seems clear that Sharp–Japan's motion to dismiss the Complaint against it because the Second Service was invalid would be moot if the Court found that the Third Service was proper. The question would no longer live because even a favorable decision on the motion would not entitle Sharp–Japan to have the Complaint dismissed against it.

Sharp–Japan argues that the third Service was improper under Rule 4(j) which provides that service is effected within 120 days from the date of the filing of the complaint. In *Ackerman v. Levine*, 788 F.2d 830 (2nd Cir.1986), the Second Circuit held that service pursuant to the Hague Convention need not meet the requirements of Rule 4. The court stated that "the convention 'supplements'—and is manifestly not limited by—Rule 4." *Id.* at 840.

In addition, Rule 4(j) provides that the 120 day period "shall not apply to service in a foreign country pursuant to subdivision (i) of this rule." Though service made pursuant to the Hague Convention is not explicitly included in Rule 4(i), some courts have indicated that Rule 4(i) includes such

service. *See, Itel Container International Corp. v. Atlanttrafik Express Service,* 686 F.Supp. 438, 444, n. 9 (S.D.N.Y.1988). Subdivision 4(i) was enacted in recognition of the fact that foreign service of process can be very complex and time consuming. 4 Wright & Miller, Federal Practice and Procedure § 1133 (1969). It would be unduly harsh to require plaintiffs to meet the 120 day requirement when serving a foreign defendant.

Loral Fairchild properly served Sharp–Japan pursuant to the Hague Convention more than 120 days from the filing of the Complaint in this action. As the Court finds that Loral Fairchild's Third Service pursuant to the Hague Convention is exempt from the 120 day requirement of Rule 4(j), it holds that the Third Service is valid.

Finally, the Court finds that Sharp–Japan has not sufficiently demonstrated the need for a six-month extension of the discovery period. Sharp–Japan will comply with the discovery schedule set by Magistrate Judge Carter. Therefore, the six month extension request is denied.

## CONCLUSION

In light of the foregoing, Sharp–Japan's motion to dismiss the Complaint on the ground that the Second Service was invalid is denied as moot. Sharp–Japan's request for a discovery extension is denied.

So Ordered.