## PENNSYLVANIA ORTHOPEDIC ASSOCIATION, et al.

### v.

### MERCEDES–BENZ A.G.

### Civ. A. No. 94–4188.

United States District Court, E.D. Pennsylvania.

Jan. 31, 1995.

---

Rudolph J. Di Massa, Di Massa and Associates, Ltd., Philadelphia, PA, for plaintiffs.

David Ira Rosenbaum, R. Mark Armbrust, Miller, Dunham, Doering & Munson, David L. Zive, Adelman, Lavine, Gold & Levin, Philadelphia, PA, for defendant.

---

1. Although Mercedes–Benz is a corporation and not an individual, Rule 4(h)(2) directs litigants to follow Rule 4(f) when serving a corporation or association.

## MEMORANDUM

JOYNER, District Judge.

Today this Court denies Defendant's Motion to Dismiss Plaintiffs' Complaint for failure to effect service in a timely fashion, although we find that service of the complaint has not been made.

According to the pleadings and attached exhibits, on July 18, 1994, counsel for Plaintiffs arranged to have the instant complaint and summons served on the Ministry of Justice of Baden–Wurrtemberg in the Federal Republic of Germany. This was done in an attempt to effect service under Federal Rule of Civil Procedure 4(f)(1) & (h)(2) and the *Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents,* Nov. 15, 1965, 20 U.S.T. 361, reprinted in *Federal Civil Judicial Procedure and Rules* 32–49 (West 1994) (Hague Convention). Rule 4(f)(1)[1] states that:

> service upon an individual ... may be effected in a place not within any judicial district of the United States: (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents....

The parties agree that plaintiffs attempted service under the Hague Convention.

The Hague Convention is a multilateral treaty signed by both the United States and Germany that provides "a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 698, 108 S.Ct. 2104, 2107, 100 L.Ed.2d 722 (1988).

The Hague Convention provides for service in the following manner. First, the plaintiff, through a "requesting authority,"[2] sends a request to make service to the agency designated by each signatory to the treaty

---

2. The requesting authority here is the United States District Court for the Eastern District of Pennsylvania.

as the Central Authority to accept such requests. Hague Convention, arts. 2, 3. The request must conform with the model annexed to the Hague Convention, and should include copies of the documents to be served. *Id.* art. 3.

If the Central Authority "considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request." *Id.* art. 4. Otherwise, the Central Authority is to effect service on the individual named by the method indicated in the request. *Id.* art. 5. There is no time requirement in the Hague Convention for service by the Central Authority.

The Hague Convention provides that although the request shall be written in either English, French or the official language of the State in which the documents originate, the "Central Authority may require the document [to be served] to be written in, or translated into, the official language or one of the official languages of the State addressed." *Id.* art. 5.

Germany is one of the countries that has such a requirement. The German resolution enacting the Hague Convention states, "Formal Service (paragraph 1 of Article 5 of the Convention) shall be permissible only if the document to be served is written in or translated into, the German language." *Federal Civil Judicial Procedure and Rules,* at 42.

When Plaintiffs transmitted their request to the German Central Authority, they indicated that they chose the service method in paragraph 1(b), article 5 by checking that box.[3] Plaintiffs concede that they did not translate the summons into German, the official language of Germany. Accordingly, they

did not comply with German requirements and the Hague Convention.

Upon receipt of the request and attached documents, the German Central Authority checked the box on the request titled "the document has not been served, by reason of the following facts," and wrote (translated from German) "because of missing translations, only informal delivery [Hague Convention art. 5, ¶ 2] through acceptance of service by addressee was a possibility. The addressee was not willing to accept service."

Plaintiffs have apparently disregarded this response, and have refused to re-attempt service of the complaint. Today, Plaintiffs argue that it is "low grade sophistry" for Defendant to assert that service was not properly effected because it allegedly understands English and is aware of the Complaint. Be that as it may, that argument ignores the fact that Congress has established the Hague Convention as the means by which to effect service upon an individual or corporation in Germany. Fed.R.Civ.P. 4(f) & (h). Because Plaintiffs did not comply with the Hague Convention and Defendant did not voluntarily accept service, we conclude that service of process has not been effected upon the Defendant.

■ Based on this conclusion, Defendant urges us to dismiss the Complaint under Rule 4(m). This rule states that if a complaint is not served upon a defendant within 120 days of filing, the complaint should be dismissed. However, the rule also states that it "does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1)."

■ The few courts that have addressed this aspect of Rule 4(m) have held that the rule acts to remove any deadline for serving a complaint in a foreign country. *Lucas v. Natoli,* 936 F.2d 432, 433 (9th Cir.)[4] ("We

---

**3.** Plaintiffs did not, however, fill in the space that followed the box, wherein the party indicates the "particular method [of service] requested by the applicant." This is not the reason the German Central Authority declined service, however.

**4.** Plaintiff cited *Lucas v. Natoli,* 112 S.Ct. 971 (1991) on this very point. Unfortunately, there is no such case with that name at that cite. That page in United States Reports, does, however, deny *certiorari* for *Atun v. Lucas,* which was an

appeal from the lower court case, *Lucas v. Natoli,* 936 F.2d 432 (9th Cir.1991).

On a different point, plaintiffs' counsel states "In the case of Sec v. Tome, 486 U.S. 1014, 108 S.Ct. 1751, 100 L.Ed.2d 213 (1987), the Court allowed service by publication in a newspaper read by the international community." Again, there is no case by that name at that page in the United States Reports. Also again however, that page reports the denial of *certiorari* for the case *Lombardfin S.p.A. v. S.E.C.* This is an appeal

find the controlling language of Rule [4(m)] so clear that it allows no latitude for interpretation"), *cert. denied,* 502 U.S. 1073, 112 S.Ct. 971, 117 L.Ed.2d 136 (1991). This laxity is apparently to compensate for "the fact that foreign service of process can be very complex and time consuming." *Loral Fairchild Corp. v. Matsushita Elec. Indus. Co.,* 805 F.Supp. 3, 5 (E.D.N.Y.1992).

Accordingly, although we find that service has not yet been effected on Defendant, we cannot dismiss the Complaint under Rule 4(m) because that deadline does not apply to foreign service. However, we encourage Plaintiffs to make a good faith attempt to effect service.[5]

from *S.E.C. v. Tome,* 833 F.2d 1086 (2d Cir. 1987), apparently the case counsel is actually referring to.

Counsel's citations to the Supreme Court reporters give the misleading impression that the United States Supreme Court has made substantive rulings that support his arguments. A denial of certiorari is not a substantive ruling. *United States v. Mitchell,* 783 F.2d 971, 977 n. 5 (10th Cir.1986). We urge counsel to be more careful in the future regarding the legal authority he cites to this Court, especially when, as here, counsel only cites to three cases and two of them

are incorrect. *Pa. Rules of Prof. Conduct* 3.3(a)(1).

5. According to the documents attached to the pleadings, the German Central Authority first informed Plaintiffs that service had not been effected on August 22, 1994. After that, Defendant's counsel wrote at least three letters to Plaintiffs' counsel indicating that service had not been effected. Plaintiffs' counsel apparently took no action to rectify the situation and this Motion ensued.