**Sang Young KIM**

v.

**FRANK MOHN A/S.**

**Civ. A. No. G–95–460.**

United States District Court, S.D. Texas, Galveston Division.

Dec. 14, 1995.

Thomas M. Stanley, Stanley & Associates, Houston, TX, for plaintiff.

Gavin Hugh McInnis, Jacobson Guglielmi & McInnis, Houston, TX, for defendant.

## ORDER

KENT, District Judge.

Presently before the Court is the Defendant's Motion to Dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of service of process, and failure to state a claim upon which relief can be granted. As will be set forth in detail below, the Defendant's claims that the action should be dismissed for lack of subject matter jurisdiction and failure to state a claim are hereby **DENIED,** consideration of the Defendant's personal jurisdiction motion is hereby **STAYED,** and the the Plaintiff is hereby granted additional time to effect proper service of process upon the Defendant.

The Plaintiff is a Korean national who was employed as a seaman on the M/T World Texas, a Liberian-flagged vessel. While the Plaintiff was attempting to open the forepeak ballast pump control valve, the valve failed and struck the Plaintiff in his face and head. At the time of the accident, the vessel was in the Houston ship channel.

The Plaintiff brought this products liability action against the Defendant, who initially designed and later modified the pump which caused the Plaintiff's injuries. The Defendant is a corporation organized under the laws of Norway, with its principal place of business in Bergen, Norway. The Defendant's only United States subsidiary is Frank Mohn Houston Inc., a Texas corporation with its principal place of business in Texas.

## I. SUBJECT MATTER JURISDICTION

In its Motion to Dismiss, the Defendant contends this Court lacks subject matter jurisdiction over the Plaintiff's claims because the Plaintiff and the Defendant are citizens of foreign countries, and the vessel is foreign-owned and foreign-flagged. The Court disagrees. The cases upon which the Defendant bases its argument do not involve the question of subject matter jurisdiction, but, rather, questions of the applicability of American versus foreign law, and applications of the doctrine of *forum non conveniens. See, e.g., Fisher v. Agios Nicolaos V;* 628 F.2d 308 (5th Cir.1980), *cert. denied,* 454 U.S. 816, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981). While the citizenship of the parties is relevant to choice of law and *forum non conveniens* considerations, citizenship is not relevant when the Court is asked to exercise its admiralty jurisdiction. *See Sosa v. M/V Lago Izabal,* 736 F.2d 1028, 1031 (5th Cir. 1984) (distinguishing subject matter jurisdic-

tion and choice of law); *see also Neely v. Club Med Management Servs., Inc.,* 63 F.3d 166 (3d Cir.1995) (distinguishing subject matter jurisdiction inquiry from choice of law and *forum non conveniens* inquiries).

■ The claim asserted by the Plaintiff against the Defendant is a basic tort claim that falls within the scope of this Court's admiralty jurisdiction. "[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* — U.S. —, —, 115 S.Ct. 1043, 1048, 130 L.Ed.2d 1024 (1995). Thus, the injury or incident must have occurred on navigable waters, and the general character of the activity giving rise to the incident must bear a substantial relationship to traditional maritime activity. *Id.* at —, 115 S.Ct. at 1051; *see also Sisson v. Ruby,* 497 U.S. 358, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990); *Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972).

Clearly, an injury suffered by a seaman while performing traditional maritime duties aboard a vessel in navigable waters satisfies both requirements for the exercise of admiralty tort jurisdiction. *See Neely,* 63 F.3d at 178–80 (admiralty tort jurisdiction exists over claim of seaman injured on vessel in navigable waters); *Schexnider v. McDermott Int'l, Inc.,* 817 F.2d 1159 (5th Cir.1987) (reversing district court's dismissal of case brought by foreign seaman against foreign vessel owner, even though foreign law governed the dispute); *Sosa,* 736 F.2d at 1031 (jurisdiction exists over foreign seaman's tort claim against foreign owner of foreign-flagged vessel); *Sperry Rand Corp. v. Radio Corp. of America,* 618 F.2d 319, 321–22 (5th Cir.1980) (products liability claim arising from damage to vessel in navigable waters caused by defects in gyro-pilot steering system is within the scope of admiralty tort jurisdiction). Accordingly, because the injury claimed by the Plaintiff occurred in navigable waters, and the activity giving rise to the injury is substantially related to traditional maritime activity, the Defendant's Motion to Dismiss for lack of subject matter jurisdiction is hereby **DENIED.**[1]

## II. PERSONAL JURISDICTION

The Defendant also contends this action should be dismissed for lack of personal jurisdiction, because the Defendant does not have sufficient contacts with the state of Texas. The Plaintiff contends the Defendant does business in Texas (largely through its subsidiary Frank Mohn Houston, Inc.) and therefore has sufficient contacts with this state to support the exercise of personal jurisdiction. Alternatively, the Plaintiff requests a stay of the consideration of this issue to allow time for discovery of information relevant to the jurisdictional issue.

■ In federal court, personal jurisdiction over a non-resident defendant is proper if: (1) the defendant is amenable to service of process under the forum state's long-arm statute; and (2) the exercise of personal jurisdiction over the defendant is consistent with due process. *Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061 (5th Cir.1992). Whether the exercise of personal jurisdiction over the Defendant is consistent with the Due Process Clause of the United States Constitution involves a two-pronged inquiry. First, the Court must conclude that the defendant has "minimum contacts" with Texas. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Second, the Court must also conclude that requiring the defendant to litigate in Texas would not offend "traditional notions of fair play and substantial justice." *Id.; see also Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994); *Ruston Gas Turbines, Inc. v. Donaldson Co.,* 9 F.3d 415, 418 (5th Cir.1993).

1. The Defendant's contention that this case should be dismissed because the Plaintiff failed to state a claim upon which relief can be granted is based on its argument that this Court lacks subject matter jurisdiction over the Plaintiff's claims; the Defendant offers no independent support for its 12(b)(6) Motion. Thus, the Court's decision that it has subject matter jurisdiction over the case disposes of the Defendant's 12(b)(1) and 12(b)(6) Motions.

■ In this case, the information presently before the Court is insufficient to allow the Court to reach a reasoned determination as to whether personal jurisdiction may be exercised over the Defendant. While the parties agree that the Defendant conducts business in Texas through its Houston subsidiary, *see* Defendant's Motion to Dismiss at p. 3, there is no evidence before the Court of the nature of the transactions conducted through the subsidiary or the nature of any direct contacts of the Defendant. Moreover, the Court lacks sufficient information as to the history of the defective forepeak ballast pump and the Defendant's connection with the pump. The Court therefore concludes that further development of the jurisdictional facts is warranted.[2] *See Wyatt v. Kaplan,* 686 F.2d 276, 283 (5th Cir.1982) (whether to permit discovery on a motion to dismiss for lack of personal jurisdiction is a matter entrusted to the discretion of the trial court).

Accordingly, the Court hereby **STAYS** the consideration of the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction for a period of sixty (60) days from the date of this Order, to allow the parties additional time to engage in discovery and produce information relevant to the jurisdictional issue presently before the Court. Within sixty days from the date hereof, the parties shall file supplemental briefs in support of their positions on the personal jurisdiction issue. No responses to the supplemental briefs shall be permitted; thus, the parties should endeavor to include all relevant information in their supplemental briefs. Failure of either party to file a supplemental brief within sixty days of the date hereof will constitute a representation to this Court that the documents currently on file are sufficient, and the Court will then consider the merits of the

Motion to Dismiss based on the motions and responses then on file.

## III. SUFFICIENCY OF SERVICE OF PROCESS

■ Finally, the Defendant contends this action should be dismissed on the grounds of insufficiency of service of process. The Plaintiff served the Defendant through the Defendant's Houston subsidiary, and recently mailed an additional copy directly to the Defendant in Norway. The Defendant argues service was ineffective because it was not made in accordance with the procedures set forth in the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965 (Hague Convention) [1969], 20 U.S.T. 361, T.I.A.S. No. 6638. The Court agrees.

■ Article 1 of the Hague Convention provides that the Convention applies in all cases "where there is occasion to transmit a judicial or extrajudicial document for service abroad." If the Hague Convention is applicable, its provisions preempt inconsistent methods of service prescribed by state law. *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 699, 108 S.Ct. 2104, 2107–08, 100 L.Ed.2d 722 (1988). However, if a foreign defendant can be served under state law without transmitting documents abroad, the Hague Convention is inapplicable. *Id.* at 707, 108 S.Ct. at 2112. In *Schlunk,* service on a foreign corporation's domestic subsidiary was sufficient under Illinois law to confer jurisdiction over the foreign defendant. Because Illinois law did not require service abroad, the Court concluded that the Hague Convention was inapplicable. *Id.*

---

**2.** The Defendant contends a stay of the consideration of the jurisdictional question is not warranted. In 1993, the Plaintiff filed suit in state court against the Defendant's Houston subsidiary based on the same injuries involved in this case. The state court action was apparently dismissed after the Plaintiff learned that the subsidiary did not design, manufacture, or install the pump control valve involved in this case. According to the Defendant, the Plaintiff could have engaged in discovery through the Houston subsidiary in the state court proceedings to determine the commercial activities of the Defendant. While the Plaintiff may have been able to engage in discovery about the Defendant's activities in Texas during the state court proceedings, such discovery would have been difficult and costly. The Court believes it would be unfair to punish the Plaintiff now for not beginning the cumbersome discovery process during an action against a corporation which the Defendant describes in this action as a wholly independent and autonomous corporation.

■ The Plaintiff here contends service through the Defendant's Houston subsidiary was proper under section 17.043 of the Texas long-arm statute; thus, the Hague Convention is inapplicable. Section 17.043 provides that, in a action arising from a nonresident's business within Texas, the nonresident may be served by serving "the person in charge, at the time of service, of any business in which the nonresident is engaged in this state if the nonresident is not required by statute to designate or maintain a resident agent for service of process." Tex.Civ.Prac. & Rem.Code Ann. § 17.043.[3] However, if service is made pursuant to section 17.043, a copy of the process and notice of service must immediately be mailed to the nonresident or the nonresident's principal place of business. Tex.Civ.Prac. & Rem.Code Ann. § 17.045. Texas courts strictly construe the long-arm statute, and consistently conclude that failure to strictly comply with the statute by forwarding a copy of the process to the nonresident defendant as required by section 17.045 deprives the court of jurisdiction over the defendant. *See, e.g., Whitney v. L & L Realty Corp.,* 500 S.W.2d 94 (Tex. 1974); *Roberts v. Niekerk,* 730 S.W.2d 341 (Tex.Ct.App.—Dallas 1987, writ ref'd n.r.e.).

As noted above, the Hague Convention applies in all cases "where there is occasion to transmit a judicial or extrajudicial document for service abroad." In *Schlunk,* the Supreme Court defined "service" as used in the Convention as referring to "a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." 486 U.S. at 700, 108 S.Ct. at 2108. The sufficiency of the delivery is measured by the law of the forum state. *Id.*

Because Texas courts hold that failure to mail a copy of the process to the nonresident defendant pursuant to section 17.045 deprives the court of jurisdiction over the defendant, it is apparent that the notice required by section 17.045 is an integral part of the "service" authorized by section 17.043 and as defined by the Court in *Schlunk.*

Because the Defendant in this case could be properly served under Texas law only by transmitting judicial documents to the Defendant abroad, the Hague Convention is applicable. Articles 2 and 3 of the Convention require signatory countries to designate a central authority to receive requests for service, and require that a request for service of judicial documents and the documents to be served be forwarded to the central authority. Therefore, by sending a copy of the process directly to the Defendant, the Plaintiff did not comply with the Hague Convention, and the Plaintiff's attempted service is ineffective.[4] However, the ineffectiveness of the Plaintiff's service upon the Defendant in this case does not require a dismissal of this action.

■ In federal court, the filing of a complaint commences the case and tolls any applicable statute of limitations. *Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1348 (5th Cir.1992); Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court."). Under Rule 4(m), a court may dismiss a complaint without prejudice if service is not made within 120 days after the filing of the complaint. However, the rule specifically provides that the time period "does not apply to service in a foreign country pursuant to subdivision (f) [govern-

---

**3.** The Court assumes for the purposes of this discussion that the Defendant was not required by Texas law to designate and maintain a registered agent for service of process, and that the Plaintiff, therefore, could serve the Defendant pursuant to section 17.043.

**4.** Assuming the Plaintiff's belated forwarding of a copy of the process to the Defendant satisfied the requirements of section 17.045 of the Texas long-arm statute, compliance with the state statute is immaterial. Because compliance with the long-arm statute in this case required the transmittal of judicial documents abroad, the Hague Convention applies and preempts any inconsistent

state requirements. *See Sheets v. Yamaha Motors Corp.,* 891 F.2d 533 (5th Cir.1990) (where plaintiff attempted to sue foreign corporation pursuant to state long-arm statute by mailing the process to the defendant abroad, the Court stated "this transmittal of documents abroad is precisely the type of service that triggers the application of Hague Convention procedures"). Thus, the state requirement that a copy of the process be mailed to the nonresident's principal place of business is preempted by the Convention's requirements that process and a request for service be forwarded to the central authority in the defendant's home country.

ing service on a defendant in a foreign country]." Fed.R.Civ.P. 4(m); *see Lucas v. Natoli,* 936 F.2d 432, 433 (9th Cir.), *cert. denied,* 502 U.S. 1073, 112 S.Ct. 971, 117 L.Ed.2d 136 (1991) (120 day time limit for service does not apply to service in foreign countries); *accord Loral Fairchild Corp. v. Matsushita Elec. Indus. Co.,* 805 F.Supp. 3, 5 (E.D.N.Y.1992); *Pennsylvania Orthopedic Assoc. v. Mercedes Benz A.G.,* 160 F.R.D. 58 (E.D.Pa.1995). The exclusion of service in a foreign country from the 120 day limit is reasonable, and helps to counterbalance the complex and time-consuming nature of foreign service of process. *See Loral Fairchild,* 805 F.Supp. at 5.

Accordingly, because foreign service of process is not subject to Rule 4's 120 day limit, the Court concludes that dismissal of this case is not appropriate.[5] Instead, the Court hereby **ORDERS** the Plaintiff, within sixty (60) days from the date hereof, to forward a proper letter of request for service to the proper Norwegian authority, in accordance with the requirements of the Hague Convention. If the Norwegian authority does not effect service within 180 days after receiving a proper request from the Plaintiff, the parties at that time shall so notify the Court so that the Court may order an alternative means of service, as provided in Fed. R.Civ.P. 4(f)(3).[6]

**IT IS SO ORDERED.**

---

**5.** However, even if the 120 day time limit did apply to service in foreign countries, rule 4(m) provides that the court "shall extend the time for service for an appropriate period" if the plaintiff shows good cause for the failure to timely serve the defendant. Fed.R.Civ.Pro. 4(m). It is apparent that the Plaintiff here was not acting in bad faith and in fact believed in good faith he had properly served the Defendant under the long-arm statute. Under the circumstances of this case, the Plaintiff's good faith is sufficient reason for the Court to allow the Plaintiff a reasonable time within which to attempt to serve the Defen-

dant in accordance with the Hague Convention. *See Carimi,* 959 F.2d at 1349 (under former Rule 4(j), where plaintiff acted in good faith and believed he had properly served the defendant, Court remanded the case to the district court to allow reasonable time period for the plaintiff to reattempt service).

**6.** Of course, the Defendant is free to waive the requirement of service without waiving its personal jurisdiction objection. *See* Fed.R.Civ.P. 4(d).