**In re IMPERIAL HOME DECOR GROUP, INC., et al.,**
**Debtors.**

**IHDG Litigation Trust, Plaintiff,**

**v.**

**Blue Mountain Wallcoverings,**
**Defendant.**

**Bankruptcy No. 00–19 (MFW).**
**Adversary No. 02–1025 (MFW).**

United States Bankruptcy Court,
D. Delaware.

June 10, 2003.

Michael R. Lastowski, Esquire, Ralph N. Sianni, Esquire, Duane Morris, LLP, Wilmington, DE, Paul T. Prew, Esquire, Dimento & Sullivan, Seven Faneuil Marketplace, Boston, MA, for Blue Mountain Wallcoverings.

Thomas G. Macauley, Esquire, Zuckerman Spaeder, Wilmington, DE, Paul M. Nussbaum, Esquire, Brent C. Strickland, Esquire, Whiteford, Taylor & Preston, LLP, Baltimore, MD, for Plaintiff IHDG Litigation Trust.

### MEMORANDUM OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Motion of Blue Mountain Wallcoverings ("Blue Mountain") to Dismiss Adversary Proceeding for Improper Service (the "Motion"). For the reasons set forth below, the Motion will be denied.

### I. FACTUAL BACKGROUND

Debtor Imperial Home Decor Group, Inc., filed a Chapter 11 petition on January 5, 2000. A Plan of Reorganization ("the Plan") was confirmed on March 16, 2001. Pursuant to the Plan, the IHDG Litigation Trust ("IHDG") was created. On January 4, 2002, IHDG commenced this adversary proceeding by filing a Complaint to Avoid Preferential Transfers and to Recover Property ("the Complaint"), seeking the avoidance and recovery of allegedly preferential payments to Blue Mountain totaling $63,648.07.

Blue Mountain is a foreign corporation with its principal place of business in Ontario, Canada. For unexplained reasons, Blue Mountain was not served with a copy of the Complaint and Summons until October 29, 2002. Blue Mountain filed a Motion to Dismiss on December 9, 2002, asserting that dismissal of the action is mandated because service was not effected within 120 days of the filing of the complaint.

### II. JURISDICTION

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 & 157(b)(1)(A), (F) and (O).

### III. DISCUSSION

Blue Mountain relies on Rule 4(m) of the Federal Rules of Civil Procedure which states: [2]

> Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

The exclusions to the 120–day service requirement of Rule 4(m) provide the manner of service upon individuals in a foreign country (Rule 4(f)) and upon a foreign government (Rule 4(j)(1)). However, Rule 4(h)(2) provides that service upon a foreign

---

**1.** This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

**2.** Rule 4 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7004 of the Federal Rules of Bankruptcy Procedure.

corporation shall be effected "in any manner prescribed for individuals by subdivision (f)."

The question presented is whether Rule 4(m)'s exclusion from the requirement that service be effected within 120 days applies to service of foreign corporations. Several courts have held that the exclusion applies to service on a foreign corporation because service is effected under Rule 4(f) by operation of Rule 4(h)(2). *See, e.g., Pennsylvania Orthopedic Ass'n v. Mercedes–Benz A.G.*, 160 F.R.D. 58 (E.D.Pa.1995); *Cargill Ferrous Int'l v. M/V Elikon*, 154 F.R.D. 193 (N.D.Ill.1994). We agree that this approach is appropriate.

The history of Rule 4 supports our conclusion. Effective December 1, 1993, what had been Rule 4(j) was amended and redesignated as Rule 4(m). Rule 4(j) originally provided that the time limits for service "shall not apply to service in a foreign country pursuant to subdivision (i) of this rule." The language contained in former Rule 4(i) dealt with service of foreign corporations and is now found in Rule 4(h). Thus, prior to the amendment, "the plain language of Rule 4(j) [made] the 120–day service provision inapplicable to service in a foreign country." *Lucas v. Natoli*, 936 F.2d 432 (9th Cir.1991), *cert. denied* 502 U.S. 1073, 112 S.Ct. 971, 117 L.Ed.2d 136 (1992). The Ninth Circuit even went so far as to note that it found "the controlling language of Rule 4(j) so clear that it allows no latitude for interpretation." *Id.* at 433.

Prior to the 1993 amendments, as noted above, the 120–day time limit did not apply to foreign service. The 1993 amendments were not intended to alter that result.[3] There is no indication from the Advisory Committee notes that the amendments were intended to change the manner (or time) of service of foreign corporations.

Rule 4(m) still provides that service pursuant to Rule 4(f) and 4(j)(1) need not be made within the 120–day limit. Rule 4(h)(2) provides that service of foreign corporations shall be made pursuant to Rule 4(f).

Thus, we conclude that the 120–day time limit for service contained in Rule 4(m) is inapplicable to service on foreign corporations. Consequently, dismissal of the complaint based on IHDG's failure to effect service within 120 days of the complaint being filed is not warranted.

## IV. CONCLUSION

For the reasons set forth above, the Motion of Blue Mountain Wallcoverings to Dismiss the Adversary Proceeding for Improper Service will be denied.

---

**3.** The intent of the amendment was to give courts discretion to extend the time for service even in the absence of a showing of good cause. If a showing of good cause is made, the extension is automatic.