835 F.2d 452
 9 Fed.R.Serv.3d 971
 Ronald GORDON, Philip and Dorothy Korwek, Marty Finkelstein,
William L. Cohn, and James G. Williams,
Plaintiffs-Appellants,
v.
Nelson Bunker HUNT, William Herbert Hunt, Lamar Hunt,
International Metals Investment, Co., Ltd., Sheik Mohammet
Aboud Al-Amoudi, Sheik Ali Bin Mussalem, Feisal Ben Abdullah
Al Saoud, Mahmoud Fustok, Naji Robert Nahas, Bache Halsey
Stuart Shields, Inc., Bache Group, Inc., Merrill Lynch,
Pierce Fenner & Smith, Inc., Conticommodity Services, Inc.,
Conticapital Management, Inc., ContiCapital Ltd., Norton
Waltuch, Melvin Schnell, Gilion Financial, Inc., Banque
Populaire Suisse, Advicorp Advisory and Financial
Corporation, S.A., Commodity Exchange, Inc., the Board of
Trade of the City of Chicago, ACLI International Commodity
Services, Inc., Litradex Traders, S.A., and John Does 1
through 15, Defendants, Mahmoud Fustok, Defendant-Appellee.
 Nos. 437, 438, Dockets 87-7670, 87-7696.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 10, 1987.
Decided Dec. 23, 1987.
 
 Vincent R. Coffey, New York City (Deutsch and Frey, New York City, of counsel), for plaintiffs-appellants.
 Turner P. Smith, New York City (Curtis, Mallet-Prevost, Colt & Mosle, New York City, of counsel), for defendant-appellee.
 Before OAKES, PIERCE and PRATT, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appeal from orders and final judgments entered by the United States District Court for the Southern District of New York, Morris E. Lasker, Judge, dismissing actions with respect to appellee Fustok by reason of the untimely service of the complaints under Fed.R.Civ.P. 4(j). Rule 4(j) provides that service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint, unless "good cause" can be shown for the failure to serve within that time.
 
 
 2
 Mahmoud Fustok was a named defendant in two of the many lawsuits charging a conspiracy to corner the silver future market in the United States in 1979 and 1980. While the complaints in these two related actions were filed on March 4, 1982 and November 2, 1984, appellee was not personally served in both matters until December 15, 1986. Appellants had unsuccessfully attempted to serve Fustok by mail sent to his office in London under Fed.R.Civ.P. 4(i), and sporadically sought to serve him personally at various locations in the United States, failing each time. Fustok had been served without difficulty in four other silver conspiracy lawsuits, and was present in the courtroom in the Southern District of New York each day during a four-week trial in which he was a plaintiff in February and March of 1986, even eating lunch in the courthouse cafeteria upon occasion. At no time was permission requested of the trial judge in that case to serve Fustok nor was any request made under Fed.R.Civ.P. 6(b) for an enlargement of time for service. Fustok moved to dismiss both actions as to him without prejudice for untimely service under Fed.R.Civ.P. 4(j). Judge Lasker, in a lengthy opinion, dismissed both actions.
 
 
 3
 For the reasons stated in Judge Lasker's well-reasoned opinion, 116 F.R.D. 313 (S.D.N.Y.1987), we affirm.