**O'ROURKE BROS. INC., an Iowa corporation, and Jeff O'Rourke, Plaintiffs–Appellants,**

v.

**NESBITT BURNS, INC., a Canadian corporation, Andreas F. Kiedrowski, and John C. Dunn, Defendants–Appellees.**

No. 99–2401.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 3, 1999.

Decided Jan. 19, 2000.

Stuart R. Leftsein (argued), Katz, Balch, Lefstein, Fieweger & Edwards, Rock Island, IL, for plaintiffs–appellants.

Thomas D. Waterman (argued), John D. Telleen, Lane & Waterman, Rock Islabd, IL, for defendants–appellees.

Before FLAUM, ROVNER, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

This case alleging violations of the Illinois securities laws is brought under our diversity jurisdiction. 28 U.S.C. § 1332(a)(2). O'Rourke Bros. Inc. is an Iowa corporation operating out of Moline, Illinois, and Jeff O'Rourke is a citizen of Iowa; the defendants—Nesbitt Burns, Inc., Andreas F. Kiedrowski, and John C. Dunn—are Canadian citizens. When the O'Rourkes failed to obtain service, the case was dismissed with prejudice for failure to prosecute, rather than without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[1] Therein lies the issue, which was not raised in the district court until the filing of a motion to reconsider the denial of a Rule 60 motion for relief from the judgment, a judgment which, by the way, was entered 7 months earlier and 233 days after the complaint was filed. Let's just say that the O'Rourkes' side did not seem to be paying much attention to this case, and that inattention severely limits the scope of review we can offer to this appeal.

The O'Rourkes filed the complaint on December 30, 1997, and mailed a summons to the president of Nesbitt Burns, Inc. at its offices in Toronto, Ontario, Canada, along with a request for a waiver of service pursuant to Rule 4(d). Counsel for the defendants, who was from the same city as plaintiffs' counsel—Rock Island, Illinois—responded by letter, pointing out that in his view the complaint did not state a claim under the Illinois securities regulation at issue; the letter also confirmed an agreed extension of time to respond to the request for waiver of service. Counsel said:

> You also indicated that we could have an extension of time in which to respond to the Request for Waiver of Service of Summons. After you have had a chance to review the information provided [regarding whether a valid cause of action was alleged], please let me know if you are still interested in pursuing this case. If you are, then we will in all probability return the Request for Waiver of Service of Summons and proceed with the appropriate motion or answer.

The O'Rourkes' counsel never responded to this letter, nor did he have a summons issued and served.

On May 7, 1998, 128 days after the complaint was filed, a magistrate judge set the case for a "lack of prosecution/status hearing" to be held on June 3. At the hearing, O'Rourke's counsel said he would obtain a summons, but he did not do so. Forty days later, on July 13, 1998 (195 days after the complaint was filed), the magistrate judge ordered plaintiffs to show cause in writing in 7 days why their case should not be dismissed. Again, no response.

On July 31, 1998, the magistrate issued a report and recommendation that the case be dismissed for lack of prosecution. The parties were given 10 days to object. No objections were filed. On August 21, 1998, 233 days after the complaint was filed, the district judge entered an order dismissing the case with prejudice. On August 24 a

---

1. All references to rules—and they are numerous—are to the Federal Rules of Civil Procedure.

separate judgment was entered and mailed to the parties.

The O'Rourkes' counsel made no effort to have the dismissal transformed into one without prejudice, which could have been attempted, of course, with a motion to alter or amend the judgment, pursuant to Rule 59. Nor did the O'Rourkes appeal. In fact, they did nothing at all until March 16, 1999, when they filed a motion under Rule 60 claiming excusable neglect for being "remiss in failing to serve summons within 120 days, as required by Rule 4(m) . . . ." The delay in filing the Rule 60 motion was, as they put it, "[e]ither because they had not received a copy of the court's Order of August 21, 1998, or because they had not carefully reviewed that Order, plaintiffs' counsel were not aware of the dismissal 'with prejudice' until they received and reviewed a copy of it in late February 1999." The district court found it "somewhat curious, as it would seem that either they had a copy of the Order in their files (or recalled having seen it at some point) or they did not." Not surprisingly, on April 28, 1999, the motion was denied. The O'Rourkes filed a motion for reconsideration on May 12, this time stating that under Rule 4(m), service on a foreign defendant is not subject to the 120–day service requirement. For the first time, they argued that the judgment is void pursuant to Rule 60(b)(4). This motion, too, was denied. Today we consider their timely notice of appeal from this order.

■ Finding a way to obtain meaningful review is one of the problems the O'Rourkes face. When we look at the procedural history of the case, what becomes clear is that the neglect the case received after the dismissal was, if anything, worse than it received before. That neglect dictates the very narrow scope of our review. By the time of argument on this appeal, the only issue was that relief should have been granted pursuant to Rule 60(b)(4), which provides for relief from a judgment if "the judgment is void." Such relief is available at any time. *New York*

*Life Ins. Co. v. Brown,* 84 F.3d 137 (5th Cir.1996). Any argument that the judgment was merely in error is abandoned; any argument excusing the failure to take action earlier is discarded. It is conceded that unless the judgment is void, there is no basis for relief at this late date.

■ The O'Rourkes argue that, because the defendants were foreign citizens, there was no time limit on service under Rule 4(m) because the time limits do not apply to service in a foreign country, and that dismissal, if it were to occur, had to be a dismissal without prejudice under Rule 4(m) and not a dismissal with prejudice for failure to prosecute under Rule 41(b). In addition, they argue that a court is simply without power to dismiss with prejudice under Rule 41(b) for a failure to prosecute when the underlying problem is a failure to serve the summons.

Rule 41 is devoted to dismissal of actions. Rule 41(b) provides for involuntary dismissal for a failure to prosecute an action or to comply with court orders. In case of such failure, the rule says:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Rule 4(m) requires service within 120 days of filing of the complaint. It provides that if service is not made within 120 days,

> the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court

shall extend the time for service for an appropriate period.

It also provides that the rule does "not apply to service in a foreign country pursuant to subdivision (f) or (j)(1)." Unless prohibited by the laws of the country in question, Rule 4(f)(2)(C)(ii) allows for service upon an individual in a foreign country (and subsection (h) allows that provision in subsection (f) to be applied to corporations) by "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served...." Rule 4(d)(2) provides foreign defendants the ability to waive service but exempts them from costs for a failure to execute the waiver.

The only issue, then, which occupies our attention is whether a Rule 41(b) dismissal with prejudice in this circumstance is a void judgment. If it is void, then it can be set aside even at this late date. If not, as the O'Rourkes' counsel stated at argument, it does not matter whether it was right or wrong.

■ A void judgment is not synonymous with an erroneous judgment. Even gross errors do not render a judgment void. *Matter of Whitney–Forbes, Inc.*, 770 F.2d 692 (7th Cir.1985). A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process of law. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2862 (1995); *see Combs v. Nick Garin Trucking*, 825 F.2d 437 (D.C.Cir.1987); *Pacurar v. Hernly*, 611 F.2d 179 (7th Cir.1979). A judgment is void if the rendering court was without power to enter it; that is, if the court entered a decree "not within the powers granted to it by the law." *United States ex rel. Wilson v. Walker*, 109 U.S. 258, 3 S.Ct. 277, 27 L.Ed. 927 (1883). For instance, in *United States v. Indoor Cultivation Equipment from High Tech Indoor Garden Supply*, 55 F.3d 1311 (7th Cir. 1995), a judgment was void because the claim for forfeiture of property was not filed within the statutory time period during which the government was authorized to act. In *Combs*, a default judgment against defendants who had not been properly served was a void judgment. In *Pacurar* a dismissal with prejudice for lack of subject matter jurisdiction was set aside because Rule 41(b) specifically states that dismissals for lack of jurisdiction are not adjudications on the merits.

As part of the argument that the judgment against them is void, the O'Rourkes present their view of what sanction might be an appropriate one: a dismissal without prejudice under Rule 4(m). Their argument does not hold together. They say that because they were attempting service in a foreign country, they are not subject to the 120–day time period in which to effect service, even though, in a previous motion, they apologized for not meeting the time limit. They then turn around and argue that the only way to dismiss their case is pursuant to Rule 4(m). But if they are, in fact, attempting service in a foreign country, Rule 4(m), on its face, does not apply to them. It is hard to see how the rule can apply when it suits them and not when it doesn't.

Here the facts show that the request for a waiver of service was mailed to the defendants in Canada. We doubt—though we do not decide—that these efforts qualify for the exception in Rule 4(m), which refers to service under subsection (f). The latter subsection applies only to methods of service upon a defendant "from whom a waiver has not been obtained and filed ...." There is no indication here that any efforts at service, other than the request for a waiver, were made. In fact, the O'Rourkes never responded to the defendants' letter stating they would in all probability waive service upon notice that the O'Rourkes intended to proceed with the case.

But for purposes of argument, what if what happened here were service in a foreign country and, therefore, the situation were to fall outside the scope of Rule

4(m)? One answer is, as the court found in *Lucas v. Natoli*, 936 F.2d 432(9th Cir. 1991), that there is no latitude for interpretation and there is apparently no time limit for service. If the *Lucas* court is also implying that there can be no sanction for failure to serve a defendant in a foreign country, that is an implication which we find suspect. It may well be that the provision for dismissal without prejudice under Rule 4(m) does not apply when service is attempted in a foreign country, but it does not follow that a court is left helpless when it wants to move a case along.

Rather, in such a situation we could revert to procedures commonly used prior to the enactment of Rule 4(m) or its predecessor Rule 4(j). Before the enactment of Rule 4(j) with its then-new provision for dismissal without prejudice if service were not made in 120 days, if a "plaintiff delayed service, a defendant could move for dismissal for failure to prosecute under Fed. R.Civ.P. 41(b) . . . ." *Gordon v. Hunt*, 116 F.R.D. 313 (S.D.N.Y.1987), a decision of which the Second Circuit said, "For the reasons stated in Judge Lasker's well-reasoned opinion [citation omitted], we affirm." *Gordon v. Hunt*, 835 F.2d 452 (2d Cir.1987), *cert. denied*, 486 U.S. 1008, 108 S.Ct. 1734, 100 L.Ed.2d 198 (1988). Because the current rule, Rule 4(m), is silent as to sanctions for not serving foreign defendants, perhaps Rule 41(b), far from being an erroneous basis for a dismissal, is precisely the proper one. We do not, however, decide that issue.

 We will move on to the essence of the appeal—that whatever else may be true, a dismissal under Rule 41(b) is void. This is the one consistent argument the O'Rourkes make. For one thing, they say such a dismissal can only result from a motion of a defendant and that a court does not have authority to act *sua sponte*. But, to the contrary, it is clear that a court has inherent authority to dismiss a case *sua sponte* for a failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *GCIU Employer Retirement Fund v. Chicago*

*Tribune*, 8 F.3d 1195 (7th Cir.1993). Similarly, ordinarily a dismissal for a failure to prosecute is ordered in situations in which a defendant has been served and appeared in a case and, in fact, has been put to some trouble to defend the case. But while it is ordinarily the case, it is not always necessary to show that a defendant was prejudiced by the failure to prosecute in order to obtain relief. *Washington v. Walker*, 734 F.2d 1237 (7th Cir.1984); *Costello v. United States*, 365 U.S. 265, 286, 81 S.Ct. 534, 5 L.Ed.2d 551(1961) ("All of the dismissals enumerated in Rule 41(b) which operate as adjudications on the merits . . . *primarily* involve situations in which the defendant must incur the inconvenience of preparing to meet the merits. . . ." Emphasis added.)

The short answer to the precise question we face—whether a dismissal with prejudice for failure to prosecute when the defendant has not been served is an order beyond the court's power—is no. Even when Rule 4(m) clearly applies, dismissal for failure to prosecute is sometimes ordered. While such dismissals may be frowned on, even reversed, they are not found to be beyond the power of the court. For instance, in *Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir.1998), the district court dismissed a case for failure to prosecute even though the complaint was served within 120 days and just one day after the court issued a warning at an order to show cause hearing that it should be served. The court of appeals reversed, saying that a dismissal for failure to prosecute, rather than a less drastic sanction in that situation, was an abuse of discretion. *See also Enlace Mercantil Internacional, Inc. v. Senior Indus.*, 848 F.2d 315 (1st Cir.1988). In *Catz v. Chalker*, 142 F.3d 279 (6th Cir.1998), the court upheld a dismissal with prejudice of an action in which the defendants were never served. A dissent, however, argues that a dismissal with prejudice was an abuse of discretion and that the dismissal should have been ordered under Rule 4(m). Again, no concern is voiced over the court's power to dismiss

with prejudice, only over whether such a dismissal is an abuse of discretion.[2] A similar approach can be seen in *Bann v. Ingram Micro, Inc.,* 108 F.3d 625, 627 (5th Cir.1997), in which the dismissal with prejudice was ordered under Rule 16(f) for a failure to show cause for not obtaining service. The court said it would be an abuse of discretion to enter such a dismissal *"unless* the court first finds that a lesser sanction would not have served the interests of justice." (Emphasis added.)

More important to our conclusions in this matter is what we ourselves have previously stated. In certain circumstances, a plaintiff's dereliction in not obtaining service may lead beyond Rule 4 and head off into territory covered by Rule 41(b). We said, "If the delay [in obtaining service] has been so long that it signifies failure to prosecute—or if the delay entails disobedience to an order of the court—then dismissal may be with prejudice under Rule 41(b), which covers 'failure of the plaintiff to prosecute or to comply with these rules or any order of court.'" *Powell v. Starwalt,* 866 F.2d 964, 966 (7th Cir.1989). Similarly, Wright & Miller indicate that so long as a dismissal is simply for a failure to comply with the 120-day period, dismissal without prejudice is the appropriate action. But when a court has "been indulgent and has allowed the plaintiff time beyond the 120 days, a dismissal with prejudice would not be unfair to the plaintiff." Once an extension of time has been granted, "the reasons for favoring a Rule 4(j) dismissal over a Rule 41(b) dismissal with prejudice no longer are valid." 4A *Federal Practice and Procedure: Civil 2d* § 1137, p. 393.

Once a plaintiff has gone beyond a failure to serve and has also failed to adhere to the orders of the court, the situation may transform itself from a simple failure to obtain service to a failure to prosecute the action. Rule 41(b) specifically grants a court authority to dismiss with prejudice.

It is a drastic remedy, which should never be lightly imposed, but that is not to say that to impose such an order is beyond the authority of the court.

That a 41(b) dismissal is not beyond the power of the court is all we are deciding. We want to make absolutely clear what we are **not** doing. We are not deciding what should or can be done in the event of dilatoriness in serving defendants in a foreign country. We are not saying we would have affirmed the dismissal in this case on direct appeal or on appeal from a Rule 59 motion. In short, we are not deciding anything about whether we think that what was done in this case was error, clear error, an abuse of discretion, wise or unwise. What we are saying, and all we are saying, is that a court does not lack the power to dismiss in a case like this pursuant to Rule 41(b), and a judgment in that regard is not void. For that reason, and that reason only, the judgment of the district court is affirmed.

**2.** We are aware that it is possible that no mention was made regarding the court's authority because no one raised or considered the issue; nevertheless, the authority and jurisdiction of a court are fundamental, and a failure to question those matters is significant.