**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 25, 2007[*]
Decided July 26, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 07-1443

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 06-CV-0448-LJM-TAB |
| SANG WOO KIM and HEUNG JAI KIM, *Defendants-Appellants*. | Larry J. McKinney, *Chief Judge*. |

**O R D E R**

In this tax forfeiture action, Heung Jai Kim and Sang Woo Kim, father and son, respectively, together appeal the district court's grant of summary judgment against Heung Jai Kim and entry of a default judgment against Sang Woo Kim. We dismiss Heung Jai Kim's appeal for his failure to prosecute. However, we vacate the district court's entry of the default judgment against Sang Woo Kim and remand for further proceedings.

In 2000 the United States Secretary of the Treasury assessed Heung Jai Kim

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

and his wife, Myung Ok Kim, more than $1.8 million for unpaid federal income taxes, plus penalties and interest. The Kims made partial payment, leaving an outstanding balance of approximately $865,000. In response the government filed in March 2006 a civil complaint seeking a judgment against the Kims for the balance, a lien on their property located at 11145 Bridlewood Trail in Zionsville, Indiana, and an order foreclosing the lien and directing that the property be sold. *See* 26 U.S.C. §§ 6321, 7403(a). Sang Woo Kim also was named as a party to the action because, the government stated, "he may claim an interest in the subject property upon which the United States seeks to foreclose." *See id.* § 7403(b).

Although the complaint was served on all three defendants on June 26, 2006, only Heung Jai Kim answered. He stated that he and Sang Woo Kim had owned the Bridlewood Trail property as tenants in common since 2001. Having received no answer from either Myung Ok Kim or Sang Woo Kim, the government moved on August 14 for a separate entry of default against each. *See* Fed. R. Civ. P. 55(a). The clerk entered the defaults the next day, and three days later the government moved for summary judgment against Heung Jai Kim.

Those actions prompted submissions from both Heung Jai Kim and Sang Woo Kim on August 28. Heung Jai Kim disclosed that his wife had died on August 10—five days before the district court found her in default. Both father and son asserted that they shared equal interests in the Bridlewood Trail property, and both asked the court to dismiss the government's complaint.

On October 31, the district court issued an order declining to dismiss the complaint. The court also gave Sang Woo Kim until November 14 to seek relief from the default. *See* Fed. R. Civ. P. 55(c). The court set that same deadline for Heung Jai Kim to respond to the government's motion for summary judgment, and for the government to seek a default judgment against Sang Woo Kim. The court concluded the order by giving Sang Woo Kim until November 28, 2006, to respond if the government moved for a default judgment.

The government voluntarily dismissed its action against Myung Ok Kim on November 7. That same day the government moved for a default judgment against Sang Woo Kim. On November 9, the district court granted the government's motion even though its deadlines for Sang Woo Kim to challenge the default itself and the government's motion to reduce it to judgment had not passed. Meanwhile, Heung Jai Kim ignored the government's motion for summary judgment, and on February 8, 2007, the district court granted that motion. The court later entered judgment in favor of the government, in which it foreclosed on the Bridlewood Trail property and ordered the marshals service to sell the property and apply the net proceeds to Heung Jai Kim's unpaid tax assessment.

Heung Jai Kim and Sang Woo Kim both appeal, but together they have filed

a single brief arguing only that the district court erred by entering a default judgment against Sang Woo Kim. But this argument cannot benefit Heung Jai Kim, and he lacks authority to raise this or any other argument on Sang Woo Kim's behalf. *See Am. Fed'n of Gov't Employees, Local 2119 v. Cohen*, 171 F.3d 460, 467 (7th Cir. 1999) ("'[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975))); *see also Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001) (stating that *pro se* litigant lacks authority to represent interests of other parties, even if other party is *pro se* litigant's son). And because as to himself Heung Jai Kim does not challenge the court's judgment, or the foreclosure of the Bridlewood Trail property, or the property's sale to satisfy his delinquent tax assessment, we dismiss his appeal for failure to prosecute. *See United States ex rel. Verdone v. Circuit Court*, 73 F.3d 669, 673 (7th Cir. 1995) (dismissing appeal when brief failed to specify any error in district court's decision and did not contain identifiable argument); *United States v. Sosa*, 55 F.3d 278, 279 (7th Cir. 1995); *see also O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000) ("[A] court has inherent authority to dismiss a case *sua sponte* for a failure to prosecute.").

Sang Woo Kim, on the other hand, can and does challenge the district court's entry of the default judgment, which we review for abuse of discretion. *See Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005). The government implies that Sang Woo Kim abandoned this challenge because he failed to show cause in the district court why the entry of default should be lifted. The government misstates the law; Sang Woo Kim was not required to challenge in the district court the entry of default before appealing the default judgment. *See Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001); *see also* 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2692 (3d ed. 1998) ("Rule 55(c) differentiates between relief from the entry of default and relief from default judgment."). More importantly, we note that the government does not even acknowledge that the district court ruled before Sang Woo Kim had a chance to argue that the default should be set aside.

We agree with Sang Woo Kim that the district court abused its discretion when entering the default judgment. Without prior notice, the court deprived Sang Woo Kim of the opportunity it promised him both to establish why he should be relieved from the clerk's entry of default, and to respond to the government's motion for the default judgment. In its order entered on October 31, 2006, the court stated that Sang Woo Kim would have until November 14 to show why the entry of default should be lifted; in that same order the court also stated that he would have until November 28, 2006, to respond if the government sought a default judgment. Yet when the government filed its motion for the default judgment on November 7, the court granted it two days later, without first hearing from Sang Woo Kim or at least

letting his deadline for responding pass.  This unannounced and arbitrary deviation from the established briefing schedule alone constituted an abuse of discretion.  *See SEC v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005) ("We believe that the right to be heard is of little value unless the party has some point of reference in established procedural rules to guide his continued participation in the [default judgment] proceedings, particularly when final judgment looms."); *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 629 (7th Cir. 2004).

Moreover, because the district court failed to consider Sang Woo Kim's arguments before entering the default judgment, we cannot say that the court exercised its discretion at all.  Before we can review a discretionary ruling, we first must conclude that the court exercised its discretion in the first place by considering arguments relevant to its decision, *see United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005), and we will find an abuse of discretion when the district court fails to do so, *see United States v. Roberson*, 474 F.3d 432, 436 (7th Cir. 2007); *Carr v. O'Leary*, 167 F.3d 1124, 1127 (7th Cir. 1999) ("[A] discretionary ruling . . . cannot be upheld when there is no indication that the judge exercised discretion."); *see also Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003) (stating that district court's refusal to enter decision regarding default judgment did not reflect its "exercise of discretion over this matter," which, in turn, presented "obvious complications" for appellate courts).  Here, the court ruled without waiting to consider arguments that bore on its decision whether to enter the default judgment.  The district court was obligated to do so, *see Smyth*, 420 F.3d at 1232; *Wienco, Inc. v. Katahn Assocs.*, 965 F.2d 565, 568 (7th Cir. 1992), and even stated in its scheduling order that it would do so.  Thus, we must conclude that the district court failed to exercise *any* discretion when entering the default judgment.  *See Patton v. MFS/Sun Life Fin. Distribs.*, 480 F.3d 478, 490 (7th Cir. 2007); *Roberson*, 474 F.3d at 436.

In sum, we DISMISS Heung Jai Kim's appeal for his failure to prosecute, but we VACATE the default judgment entered against Sang Woo Kim, and REMAND to allow the district court to address whether the entry of default should be set aside pursuant to Fed. R. Civ. P. 55(c).  *See Key Bank v. Tablecloth Textile Co.*, 74 F.3d 349, 355-56 (1st Cir. 1996) (stating question of whether entry of default should be set aside "is more appropriately resolved by the district court in the first instance on remand").  On remand the district court should consider that, as far as the record shows, Sang Woo Kim promptly sought relief from his default and the government neither has claimed that he is responsible for his parents' outstanding tax assessment, nor has refuted his assertion that he has a valid interest in the Bridlewood Trail property.  *See Yong-Qian Sun v. Bd. of Trs.*, 473 F.3d 799, 810 (7th Cir. 2007) (stating that entry of default should be lifted if moving party can show "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious

defense to the complaint"); *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994) (same); *see also* Wright et al., *supra*, § 2685 ("[O]n a motion for relief from the entry of a default or a default judgment, all doubts should be resolved in favor of the party seeking relief.").