NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted November 30, 2011[*]
Decided December 1, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1801

| | |
|---|---|
| RONNIE L. FAMOUS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 07-C-0847 |
| WILLIAM POLLARD, et al., *Defendants-Appellees.* | C.N. Clevert, Jr., *Chief Judge*. |

**O R D E R**

Ronnie Famous, a Wisconsin inmate, appeals from the grant of summary judgment against him in his suit under 42 U.S.C. § 1983 claiming that prison staff acted with deliberate indifference by serving him contaminated meals and tampering with his personal effects and then violated the First Amendment by retaliating against him when he complained. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Famous was an inmate at Green Bay Correctional Institution in early 2007, when a lockdown led to meals being delivered in and served from laundry carts that, he says, were dirty—having held laundry he knew from prior work to be soiled with blood, feces, urine, semen, bacteria, and other disease-producing germs. Famous asserts that prison guard Jay Hartstern served him cross-contaminated food to retaliate for his filing an offender complaint about the food being contaminated. He also asserts that he complained about the contamination to Warden William Pollard, Deputy Warden Michael Baenen, and Sergeant James Cygan and that these officials acted with deliberate indifference by failing to investigate or stop the asserted constitutional violations. Famous, who according to prison records suffers from a delusional thought disorder, further claims that other officials retaliated against these complaints by doctoring his toothpaste with a substance that caused stomach problems, bowel movements, and pain to his neck, back, and spinal cord.

Following protracted discovery, the district court granted summary judgment for the defendants on all claims. Regarding the food-contamination claim, the court expressed concern about the prison's practice of using the same laundry carts to deliver food trays as to collect dirty laundry, but found no deliberate indifference without any objective evidence that the covered meal trays were contaminated by anything in the laundry carts. Regarding Famous's retaliation claim against Hartstern, the court found no evidence of any change in the guard's behavior after Famous had filed an offender complaint, let alone any retaliatory animus for a change in behavior. As for Famous's claim that Pollard, Baenen, and Cygan failed to investigate or act, the court found the evidence undisputed (1) that Pollard delegated the investigation of the situation to Baenen, and was justified in doing so; (2) that Baenen appropriately delegated responsibility of the situation to clinical and security staff; and (3) that Cygan could not be liable because no objective evidence showed that the meal trays were contaminated by anything in the laundry carts.

Famous appeals, raising three challenges to the district court's summary judgment ruling. First, he asserts that the court improperly granted summary judgment on his food-contamination claim because his submissions opposing summary judgment demonstrated unspecified fact issues regarding whether he was knowingly served contaminated food. In his filings, Famous describes the discomfort he experienced upon eating the meals and maintains that the defendants knew about his stomach pain. Famous, however, cites no objective evidence suggesting that his meals were in fact contaminated. And while Famous's complaints of stomach pain were perhaps sufficient to make staff members aware of a serious risk to his health, prison staff were not indifferent to these concerns as they encouraged him to see the health services staff.

Second, Famous argues that fact issues should have precluded summary judgment on his retaliation claim. He disputes the district court's finding that Hartstern's behavior did not change after he filed an offender complaint and points to his assertions that after he filed his complaint he received meal trays with broken lids and food containing foreign objects. Famous's submissions, however, include both general claims that Famous sometimes received meal trays with broken lids and foreign objects between February and May of 2007 and claims that he was given such trays in retaliation for his complaints. Famous does not explain why the district court should have concluded that this conduct was retaliatory when it had apparently occurred both before and after he filed his complaint. Further, Famous cited no evidence suggesting that Hartstern even knew that he had filed a complaint, and suspicious timing alone is insufficient to establish a fact issue for trial. *See Hobbs v. City of Chicago*, 573 F.3d 454, 464 (2009).

Famous also argues that summary judgment was improper on his claims against Pollard, Baenen, and Cygan because his complaints were sufficient to apprise these officials of serious risks to his health. Famous maintains that these officers then acted with deliberate indifference by disregarding his complaints. Although Famous complained about his meals and toothpaste to these officers, as discussed above they had no basis from which to conclude that the meals were contaminated. And Famous's reporting of his suspicions of toothpaste tampering was insufficient to establish a fact issue about whether the officers knew about and approved, condoned, or turned a blind eye to the alleged tampering. *See Riccardo v. Rausch*, 375 F.3d 521, 527–28 (7th Cir. 2004) ("A prisoner's bare assertion is not enough to make the guard subjectively aware of a risk, if the objective indicators do not substantiate the inmate's assertion."); *Reed v. McBride*, 178 F.3d 849, 851–52 (7th Cir. 1999). Further, Famous does not dispute that Cygan listened to his concerns about his meals and toothpaste and advised him to file an offender complaint. Finally, even if Famous's offender complaints had been sufficient to apprise Pollard and Baenen of a serious risk, Pollard did not disregard Famous's complaints but delegated investigation to Deputy Warden Baenen. And Baenen, for his part, offered undisputed evidence that he followed up on Famous's complaints, referring them to staff members for investigation when he determined that the complaints were credible, and making inquiries to the psychological and medical staff regarding Famous's health. Delegation of a prisoner's grievances does not constitute deliberate indifference but the efficient delegation of work. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Famous also mounts a number of challenges to various procedural rulings. First, he argues that the court abused its discretion in denying his motion to extend the discovery deadline. Famous asserted that he needed more time to identify the "Doe defendants" (the defendants' discovery response included only these officers' titles and surnames), but the

district court denied his motion, noting that the defendants' discovery responses appeared to be complete. While district courts must assist pro se plaintiffs in investigating the identities of unnamed defendants, *see Donald v. Cook Cnty Sheriff's Dep't*, 95 F 3d 548, 555 (7th Cir. 1996), we agree that the defendants' response was adequate because Famous could have amended his complaint and served process without the Doe defendants' first names. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1426 (7th Cir. 1996) (an inmate proceeding in forma pauperis may rely on the Marshals Service to serve process and need furnish "no more information than necessary to identify the defendant.").

Because the district court did not err in determining that the defendants had substantially complied with Famous's discovery request, it also did not abuse its discretion when it denied Famous's motion under then–Federal Rule of Civil Procedure 56(f) (now FED. R. CIV. P. 56(d)) to stay the defendants' motion for summary judgment until they had supplemented their response to Famous's first request for production of names, locations, and documents. *See Waterloo Furniture Components, Ltd, v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006); *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996).

Famous next takes issue with the district court's dismissal of the Doe defendants whom he says served him contaminated meals and tampered with his toothpaste. But dismissal with prejudice is appropriate when a plaintiff fails to serve a defendant with a summons, *see* FED. R. CIV. P. 41(b); *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000), and Famous never attempted to serve the Doe defendants.

Finally, Famous asks us to recruit counsel for this appeal, but we deny his request.

AFFIRMED.