NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2012[*]
Decided December 18, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 12-1102 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| DALMANIC A. SIMMONS, *Petitioner-Appellant,* | |
| *v.* | No. 09 C 2997 |
| JOSEPH YURKOVICH, *Respondent-Appellee.* | James F. Holderman, *Chief Judge.* |

**O R D E R**

Dalmanic Simmons, an Illinois prisoner, appeals the denial of his Rule 60(b) motion seeking to reopen the dismissal of his 2009 petition for a writ of habeas corpus. The district court denied the motion because it was untimely and raised grounds for habeas relief that could have been asserted earlier. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In 1991 Simmons pleaded guilty in Illinois state court to first-degree murder and armed robbery and was sentenced to 40 years in prison. In 1998 he filed a petition for habeas corpus under 28 U.S.C. § 2254 challenging the legality of his convictions, but the district court denied relief. In 2009 Simmons filed another § 2254 petition, this time challenging the revocation of his good-conduct credits. The district court construed the new petition as a "second or successive" habeas petition under 28 U.S.C. § 2244 and dismissed it for lack of jurisdiction because Simmons had not sought leave of this court to file it. *See* 28 U.S.C. § 2244(b)(3)(A).  Simmons did not appeal this order. Instead, later that year he asked this court for permission to file a new habeas petition and also sought a writ of mandamus to compel the district court to reopen the 2009 petition. We denied both requests.

In 2011 Simmons filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure asking the district court for relief from the order dismissing his 2009 petition. He maintained that the judgment was void because the court erroneously dismissed his petition as an unauthorized second or successive petition under § 2244. *See* FED. R. CIV. P. 60(b)(4) (authorizing the court to grant postjudgment relief from void judgments). The district court denied the motion in two orders. In the first order, the judge said that the 2009 petition was properly dismissed for lack of jurisdiction under § 2244(b)(3)(A) as an unauthorized successive habeas petition. In the second order, the judge explained that Simmons's claim of error should have been raised in a direct appeal from the 2009 order rather than a postjudgment motion. Alternatively, the judge held that the Rule 60(b) motion was untimely because it had not been filed within a reasonable time after the judgment became final. *See* FED. R. CIV. P. 60(c)(1).

Simmons appealed, reiterating his argument that the district court incorrectly construed his 2009 petition as a second or successive habeas petition under § 2244 and therefore should not have dismissed it for lack of jurisdiction. He also contends that the court erred in deeming his motion untimely because a motion for relief under Rule 60(b)(4) may be filed at any time. *See Philos Techs., Inc. v. Philos & D., Inc.*, 645 F.3d 851, 857 (7th Cir. 2011); *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 950 (7th Cir. 2000). We review the district court's denial of a Rule 60(b) motion for abuse of discretion. *See Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008).

The court did not abuse its discretion in denying relief under Rule 60(b)(4), at least insofar as the court's rationale was that Simmons could have and should have raised his claim of error in a direct appeal. "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1380 (2010); *see also Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009); *Stoller*, 528 F.3d at 480; *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). Although Simmons styled his motion as attacking a "void" judgment under Rule 60(b)(4), "[a] judgment is void only if

the court which rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process of law." *O'Rourke Bros.*, 201 F.3d at 951. Simmons does not challenge the district court's jurisdiction to enter a judgment dismissing his § 2254 petition; he argues instead that the court should have considered the petition on the merits rather than dismissing it on jurisdictional grounds. His current claim that the court misconstrued the 2009 petition as successive under § 2244 should have been raised in a direct appeal from the dismissal order; it is not the proper subject of a Rule 60(b)(4) motion.

Simmons also argues that he is entitled to relief under Rule 60(b)(4) because he was denied due process of law. But the district court gave Simmons an opportunity to be heard on his petition; Simmons simply did not avail himself of the opportunity to appeal the court's order dismissing it. *See United Student Aid Funds*, 130 S. Ct. at 1377 ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."). His claim that the district court erroneously dismissed the petition is not cognizable as a due-process violation. It is a simple claim of error that could have been raised and corrected in a direct appeal; due process does not guarantee error-free outcomes. *See Marozsan v. United States*, 90 F.3d 1284, 1289 (7th Cir. 1996); *Del's Big Saver Foods, Inc. v. Carpenter Cook, Inc.*, 795 F.2d 1344, 1350 (7th Cir. 1986).

We need not address Simmons's alternative argument about the timeliness of the motion. The district court did not abuse its discretion in denying relief under Rule 60(b)(4).

AFFIRMED.