**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2021*
Decided November 24, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-1214

| | |
|---|---|
| DENICE MARTIN and QUINTON MARTIN, <br>     *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:18-CV-121 |
| NOBLE COUNTY SHERIFF'S DEPARTMENT, et al., <br>     *Defendants-Appellees*. | William C. Lee, <br> *Judge*. |

## O R D E R

Denice and Quinton Martin sued law-enforcement agencies and officers for using excessive force during a search, but the district court entered summary judgment against them because no evidence connected the named defendants to the use of force. In addition, because the Martins did not use discovery to identify the "unknown

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

defendants," the court dismissed those defendants for lack of prosecution. The summary-judgment ruling is correct, and the dismissal for failure to prosecute was not an abuse of discretion, so we affirm.

We recount the facts in the light most favorable to the Martins. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). While investigating a recent death, a detective from Noble County, Indiana, and an officer with the Indiana State Police learned that the victim had spent time at Denice Martin's home. They obtained a warrant to search Martin's home, and an "Emergency Response Team" executed it. The Team allegedly handcuffed Denice Martin and her son Quinton, who has autism, and it used what the Martins consider undue force to remove them from the home in order to secure it. These officers—whose names are unknown—were the only ones involved in removing the Martins and securing the home. Other officers from the Sheriff's Department and the State Police arrived after the home was secured. They searched the home and seized property. When the search was over, the Martins were released.

Denice and Quinton Martin accuse the defendants—county sheriff departments, state police agencies, and named and unnamed officers—of violating their rights under the Fourth Amendment by using or approving excessive force to remove them and secure the home. *See* 42 U.S.C. § 1983. In addition, they argue that the employing agencies did not train the officers to comply with the Americans with Disabilities Act, *see* 42 U.S.C. § 12101, when handling people with autism, and officers committed state-law torts of "retaliation" and "harassment." After nearly a year of discovery, the court entered summary judgment for the named defendants, refused to allow late amendments to the complaint, and dismissed the unnamed defendants. It concluded that, among other problems, the Martins did not furnish evidence that the named defendants were personally involved in removing the Martins from the home, and the Martins failed to prosecute claims against "unknown officers."

On appeal, the Martins first contend that the district court wrongly entered summary judgment on their claim under the Fourth Amendment that the defendants used unreasonable force to remove them from the home and secure it. We review that ruling de novo, *Burton v. E.I. du Pont de Nemours & Co.*, 994 F.3d 791, 815 (7th Cir. 2021), and conclude that it is correct. Nothing in the record suggests that anyone other than the members of the Emergency Response Team forced the Martins from their home. Yet the Team's members are not named defendants. And no evidence suggests that the named individual defendants were personally involved in handling the Martins or securing their residence; the evidence shows that they only searched the home. Without evidence of personal involvement, the named individual defendants cannot be liable

under § 1983. *See Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017). The Martins respond that the named agencies that employed the Team are responsible for the Team members' actions. But § 1983 does not support vicarious liability, and no evidence suggests that any policy or custom of those agencies condones the use of excessive force. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691–95 (1978).

Next, the Martins contend that the district court wrongly dismissed for failure to prosecute the claims against the "unknown officers." Plaintiffs may sue unknown defendants and use discovery to identify them; unless they receive leave for more time, they must identify and serve these defendants within ninety days of filing suit. *See* FED. R. CIV. P. 4(m). District courts may reasonably control their dockets by enforcing this deadline, and we review enforcement for abuse of discretion. *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). No abuse occurred here. After nearly a full year of discovery, the Martins did not use it to learn of and name any other defendants, and they did not ask for more time to do so. The court therefore had ample authority to dismiss these unprosecuted claims with prejudice. *See* FED. R. CIV. P. 41(b); *see also O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000).

The district court also rightly entered summary judgment on the remaining claims. The Martins contend that the agency that employed the Team violated the Americans with Disabilities Act (and committed Indiana torts of "retaliation" and "harassment") because that agency did not train the Team to handle people with autism. The ADA protects employees, consumers of public services, and those who use public accommodations. *See Tennessee v. Lane*, 541 U.S. 509, 516–17 (2004). The Martins have furnished no authority suggesting that the ADA restricts how law enforcement conducts searches and seizures, and we have yet to decide the question. *See King v. Hendricks Cnty. Comm'rs*, 954 F.3d 981, 988 (7th Cir. 2020). Nor have they cited any basis in Indiana law for their tort theories. In any case, the Martins adduced no evidence about inadequate training, retaliation, and harassment.

Finally, the Martins challenge the court's refusal to allow them to amend their complaint after the end of discovery. We review that decision for abuse of discretion, *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir. 2007), and none is present. The Martins sought to add another family member (Anthony Martin) and to expand their legal theories. But legal theories are not necessary for a complaint, *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014), and the addition of another family member would not have cured the fatal flaws that we have discussed.

We have reviewed the Martins' other arguments; none has merit.

AFFIRMED