SUMMARY ORDER

Plaintiff-appellant Harry Jacobs appeals from an order of the district court denying his motion, pursuant to Fed.R.Civ.P. 60(b)(4) and (b)(6), seeking relief from the court’s earlier order holding Jacobs in contempt and ordering him to pay defendants- *4 appellees Citibank, N.A. and Citicorp (together, “Citibank”) approximately $32,000 in attorneys’ fees and costs as a result of Jacobs’ violation of a court order precluding him from acting both as class representative and class counsel. On appeal, Jacobs claims that (1) the district court erred in awarding legal fees as part of the sanction in the absence of a finding that he acted willfully or in bad faith, and (2) the contempt sanction was tantamount to a criminal punishment, thereby entitling him to certain procedural protections that he asserts were not provided in his case. We assume the parties’ familiarity with the facts and procedural history of the case.
As a threshold matter, Jacobs does not dispute that we lack jurisdiction to review directly the district court’s underlying order holding Jacobs in contempt because his notice of appeal makes reference to (and attaches) only the order denying the Rule 60(b) motion, see Fed. R.App. P. 3(c)(1)(B), and any appeal from the underlying contempt order is otherwise time barred, see Fed. R.App. P. 4(a)(1)(A). See Cody, Inc. v. Town of Woodbury, 179 F.3d 52, 56 (2d Cir.1999).
We do have jurisdiction, however, to review Jacobs’ challenges to the district court’s denial of his Rule 60(b) motion. And, to the extent Jacobs claims that his motion should have been granted on the ground that the underlying contempt order was “void,” see Fed.R.Civ.P. 60(b)(4) (providing relief from a void judgment), we may review the propriety of the underlying order only to that limited extent.
We review de novo a district court's denial of a Rule 60(b)(4) motion. Cent. Vt. Public Serv. Corp. v. Herbert, 341 F.3d 186, 189 (2d Cir.2003). As noted above, Jacobs argues that the contempt order was void on the ground that it was issued in violation of due process of law, Fustok v. ContiCommodity Servs., 873 F.2d 38, 39 (2d Cir.1989), insofar as he was denied the procedural protections that extend in criminal contempt proceedings, see Int'l Mine Workers v. Bagwell, 512 U.S. 821, 827, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994).
We disagree, however, with Jacobs’ classification of the contempt sanction as criminal. It is well settled that a sanction is considered “civil” if it either (1) coerces a party into compliance with a court’s order, or (2) compensates a complainant for losses sustained. See, e.g., id. at 829, 114 S.Ct. 2552. In this case, the sanction was of the latter type. Although Jacobs contends that the award of attorneys’ fees was punitive because he had already complied with the terms of the at-issue order by the time the sanction was imposed, the district court’s grant of attorneys’ fees was to compensate Citibank for part of the expenses they incurred due to Jacobs’ contemptuous conduct. Moreover, the contempt proceeding itself was not an act of futility: Jacobs denied having violated the underlying order; there remained the possibility that Jacobs would again act or assert himself as class counsel; and the question of how much compensation to provide Citibank, if any, was in dispute. We thus find no error in the district court’s imposition of the sanction as a civil remedy to compensate Citibank for the fees it incurred in connection with prosecuting the district court’s order to show cause why Jacobs should not be held in contempt. See Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir.1996) (reversing district court’s order due to its failure to award attorneys’ fees as compensation for civil contempt); see also City of New York v. Local 28, Sheet Metal Workers’ Int’l Assn., 170 F.3d 279, *5 283 (2d Cir.1999).[2] Because we find the sanction to be civil in nature, there was no violation of Jacobs’ due process rights because he received the full panoply of civil procedural safeguards, including a full hearing before the court, before the sanction was imposed.
Moreover, although Jacobs claims that the district court erred in awarding attorneys’ fees in the absence of a finding that he willfully violated the at-issue order or otherwise acted in bad faith, this is essentially a challenge to the underlying contempt order. For the reasons explained above, we lack jurisdiction to review this claim because it would not—even if successful—render the judgment void; it would at most render it erroneous. See Branum v. Clark, 927 F.2d 698, 704 (2d Cir.1991) (“An appeal from an order denying a Rule 60(b) motion brings up for review only the denial of the motion and not the underlying judgment for errors that could have been asserted on direct appeal.”); see also O’Rourke Bros., Inc. v. Nesbitt Burns, Inc., 201 F.3d 948, 951-53 (7th Cir.2000) (“Even gross errors do not render a judgment void.”).[3]
Finally, Jacobs has not raised any specific challenge to the district court’s denial of relief under Rule 60(b)(6), which is a catch-all provision that permits a court to relieve a party of a judgment for “any other reason that justifies relief.” Fed.R.Civ.P. 60(b)(6). To the extent the claim has not been waived, we review the denial of a Rule 60(b)(6) motion for abuse of discretion, Matarese v. LeFevre, 801 F.2d 98, 107 (2d Cir.1986), and find none here. As explained in the text above, the sanction at issue was civil in nature. And as we explain in the margin, supra n. 3, whether a showing of willfulness or bad faith is required before attorneys’ fees may be awarded as compensation to a party aggrieved by another’s violation of a court order appears to remain an open issue in the Circuit. Because any error by the district court was not clear, and because Jacobs has not otherwise shown exceptional circumstances warranting relief, we affirm the district court’s Rule 60(b)(6) denial. Cf. Travelers Indem. Co. v. Sarkisian, *6 794 F.2d 754, 757 (2d Cir.1986) (“[I]t is well settled that a change in decisional law is not grounds for relief under Rule 60(b)(6)”).
For the foregoing reasons, the district court’s order is AFFIRMED.

. Although Jacobs came into compliance with the at-issue court order prior to the award of fees, he did so more than six months after we dismissed Jacobs' interlocutory appeal of that order, and only after the district court issued an order to show cause why Jacobs should not be found in contempt of court.

. We express no opinion on the merits of Jacobs' claim that a finding of willfulness or bad faith is required before a court may order attorneys’ fees as a sanction for violating a court order, and note that the issue appears to remain an open one in our Circuit. Compare Weitzman, 98 F.3d at 719 (stating in dicta that "willfulness may not necessarily be a prerequisite to an award of fees and costs,” though a finding of willfulness "strongly supports granting them”) with King v. Allied Vision, Ltd., 65 F.3d 1051, 1063 (2d Cir.1995) ("In order to award fees, the district court had to find that New Line’s contempt was willful.”); Vuitton et Fils S.A. v. Carousel Handbags, 592 F.2d 126, 130-31 (2d Cir.1979) (stating in dicta that "[s]ince the plaintiff should be made whole for the harm he has suffered, it is appropriate for the court also to award the reasonable costs of prosecuting the contempt, including attorneys’ fees, if the violation of the decree is found to have been willful.”). We do not read Dattner v. Conagra Foods, Inc., 458 F.3d 98 (2d Cir.2006), upon which Jacobs heavily relies, as controlling the issue of whether wilfulness or bad faith is a prerequisite to awarding attorneys' fees where, as here, the basis for the award was a finding of contempt for violating a prior court order. See id. at 104 (stating in dicta, in a case not involving contempt, that a court's inherent authority to award attorneys’ fees to a prevailing party requires the court to find that the plaintiff acted " 'in bad faith, vexatiously, wantonly, or for oppressive reasons' ”) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)).