07-5230-cv
Close-Up Int'l, Inc. v. Berov

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of June, two thousand ten.

Present:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> JOSEPH F. BIANCO,[*]
> > *District Judge.*

_____

CLOSE-UP INTERNATIONAL, INC.,
KINOVIDEOOBYEDINENIE KRUPNY PLAN, and
FEDERAL STATE UNITARY KINOKONTSERN
MOSFILM,

> *Plaintiffs-Appellees*,

> v.                                             No. 07-5230-cv

JOSEPH BEROV, RIGMA AMERICA CORPORATION,

> *Defendants-Appellants*,

NATASHA ORLOVA, SAINT PETERSBURG, RUSSIAN

_____

[*] Judge Joseph F. Bianco of the United States District Court for the Eastern District of New York, sitting by designation.

ENTERTAINMENT AND WHOLESALE, INC., and
RUSSIAN DISTRIBUTORS, INC.,

*Defendants*.

_____

For Plaintiffs-Appellees:     HARVEY SHAPIRO, Sargoy, Stein, Rosen & Shapiro, New York,
                              N.Y.

For Defendants-Appellants:   ADAM RICHARDS, Adam Richards LLC, New York, N.Y.

_____

Appeal from the United States District Court for the Eastern District of New York

(Trager, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendants-appellants Joseph Berov ("Berov") and Rigma America Corporation

("Rigma") appeal from a judgment of the district court (Trager, *J.*), entered pursuant to a partial

grant of summary judgment in favor of the plaintiffs with respect to liability and a jury trial with

respect to damages, holding Berov and Rigma jointly and severally liable for copyright and

trademark infringement and awarding $2,504,000.00 in damages and $323,004.88 in attorneys'

fees and costs.  The jury's damages award comprised $1,350,000.00 in statutory damages with

respect to nine registered works that the defendants were found to have willfully infringed and

$1,404,000 in actual damages with respect to 374 non-registered works; the district court later

reduced the overall award by $250,000.00 to reflect the amount paid by the non-appellant

defendants, who settled.  We assume the parties' familiarity with the underlying facts and

procedural history of the case.

On appeal, the appellants raise three arguments. First, they contend that summary judgment was granted in error because there is a triable issue with respect to whether a document known as the "Certificate of Authority" was a new contract extending their license and because the district court made improper credibility determinations. Second, the appellants argue that the district court usurped the jury's role by finding willfulness at the summary judgment stage. Third, they contend that certain documents introduced as evidence at the damages trial were not properly authenticated. We consider each of these arguments in turn.

  *I.  Whether summary judgment was properly granted*

We review the district court's grant of summary judgment *de novo*, applying the same standards that govern the district court's consideration of the motion. *See Aulicino v. New York City Dep't of Homeless Servs.*, 580 F.3d 73, 79 (2d Cir. 2009). A motion for summary judgment may properly be granted – and the grant of summary judgment may properly be affirmed – only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue to warrant the entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(c)(2); *see, e.g., Jasco Tools, Inc. v. Dana Corp.*, 574 F.3d 129, 151 (2d Cir. 2009). The appellants, in challenging summary judgment, must "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Appellants argue that the Certificate of Authority was a new contract extending their copyright license, saying "shortly after entering into the 1997 Contract, the parties entered into another agreement which was negotiated at arms length and which, on its face, changed three key components of the 1997 Contract. . . . it expanded the term of Rigma's license for an additional

3

two years." They contend that, under the U.S. Copyright Act, the Certificate of Authority created a transfer of copyright.

An alleged transfer of copyright is subject to requirements for a valid transfer under copyright law but is also governed by state contract law. *See, e.g., Video Trip Corp. v. Lightning Video, Inc.*, 866 F.2d 50, 52 (2d Cir. 1989); *see also Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 347 (2d Cir. 2000) (noting that state contract law generally governs in situations "where the defendant held a license to exploit the plaintiff's copyright, but is alleged to have forfeited the license by breaching the terms of the licensing contract and thus to infringe in any further exploitation"); *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1122-23 (9th Cir. 1999) (citing *Video Trip* for the proposition that preliminary contractual issues pertaining to copyright licensing are decided according to state contract law); *Nimmer on Copyright* § 10.08[A] ("[P]rinciples of contract law generally apply to construction of copyright assignments, licenses, and other transfers of rights[,] [and,] [t]hus, if an assignment does not contain certain essential terms, it may be held void for indefiniteness."). Appellants rely upon New York cases to argue that "whether the certificate of authority altered the terms of the 1997 contract was a material question of fact for the jury." [1] We have previously explained that "[u]nder New York law, whether a binding agreement exists is a legal issue, not a factual one,"

---

[1] The cases cited by the appellant include: *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1540 (2d Cir. 1997) ("[I]t remains clear that New York law should control."); *Krishna v. Colgate Palmolive Co.*, 7 F.3d 11, 16 (2d Cir. 1993) ("We add, finally, that if we reached the issue posed by New York law . . . we would nonetheless reverse and remand. Summary judgment is notoriously inappropriate for determination of claims in which issues of intent, good faith and other subjective feelings play dominant roles.") (citations and internal quotation marks omitted); *Leberman v. John Blair & Co.*, 880 F.2d 1555, 1560 (2d Cir. 1989) (referring to "instant contract" being "governed by New York law").

*Vacold LLC v. Cerami*, 545 F.3d 114, 123 (2d Cir. 2008), and also that "an enforceable contract requires mutual assent to the essential terms and conditions thereof." *Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 372 (2d Cir. 2003).[2]

At oral argument, appellants contended that "on its face, the certificate is unambiguous." On its face, however, the certificate of authority is simply a statement, which can be shown to third parties to demonstrate that Rigma is a licensee, and which provides a telephone number third parties can call to confirm Rigma's authority. The Certificate does not address the consideration provided by Rigma, the licensing rate, or the obligations of the parties. It does not show mutual assent to the essential terms of a license. In addition to these omissions, the Certificate also contains an affirmative reason for summarily rejecting the notion that it is a contract – the Certificate begins by stating that it is issued "pursuant to the contract in force between the parties." It is implausible that a contract replacing an earlier contract would open by deriving all of its authority from that earlier contract.

Appellants claim that the district court made improper determinations of witness credibility as the basis for its decision on summary judgment. The court did appear to make a credibility determination with respect to Joseph Berov. At the hearing on summary judgment, the judge stated, referring to Berov, "You are talking about a criminal, someone convicted of a

---

[2] Appellees, citing *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82 (2d. Cir. 1998), argue on appeal that, under the Berne Convention, Russian copyright law governs questions of ownership for copyrights in works created by Russian entities and first published in Russia. In *Itar-Tass,* however, we made clear that we were not addressing assignment of rights, stating: "In deciding that the law of the country of origin determines the ownership of copyright, we consider only initial ownership, and have no occasion to consider choice of law issues concerning assignments of rights." *Id.* at 91 n.11. Because appellants' arguments against summary judgment fail even under the New York law upon which they rely, we need not reach appellees' arguments based on Russian law.

crime. You would expect me to credit his testimony about anything." On summary judgment, courts are not to make judgments of credibility. *See Lipton v. The Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995).

The mere fact that the district court *made* a credibility determination, however, does not necessarily compel reversal. Here, Berov's affidavit in opposition to summary judgment fails to provide evidence of mutual assent to all of the essential terms (e.g., the licensing rate) necessary to make the Certificate of Authority a valid contract extending the license. Thus, even crediting Berov's affidavit, the appellants still failed to provide sufficient evidence to allow a finding that the Certificate of Authority was a valid new licensing contract, and the credibility determination by the court, even if in error, does not compel reversal. Even if the district court improperly assigned weight to its observation that Berov was not credible, our own review is *de novo*, and we are independently satisfied that the parol evidence rule would have barred extrinsic evidence regarding the formation of the Certificate in any event, because extrinsic evidence is not admissible "to vary or contradict the terms of a fully integrated writing." *Topps Co., Inc. v. Cadbury Stani S.A.I.C.*, 526 F.3d 63, 69 (2d Cir. 2008). Because we find both the 1997 Contract and the Certificate of Authority unambiguous – and the latter is unambiguously a badge of authority, not a contract — Berov was not prejudiced by whatever determination the district court made with respect to his credibility.

II.     *Whether the district court improperly determined willfulness*

Generally speaking, summary judgment is not a tool well suited to determining willfulness, especially when it turns on "[d]eterminations of credibility," which "are within the province of the jury." *Lipton*, 71 F.3d at 472. It is not clear from the summary judgment order

6

whether the district court was actually attempting to determine willfulness at the summary judgment stage; the district court's order recited the issues on which the plaintiffs had sought summary judgment, including willfulness, and then ordered that "plaintiffs' motion for partial summary judgment on its [sic] claims of defendants' liability for copyright and trademark infringement is hereby granted." What cannot be contested, however, is that the jury actually determined willfulness. The jury was charged that it had to decide whether or not the infringement was willful, and the jury did find willful infringement. At no point did the district court direct the jury to find willfulness or make any comments prejudicial to the jury's neutral assessment of willfulness. However peculiar the district court's reference to willfulness in its summary judgment order may have been, it had no actual effect on the outcome of the trial or on the final judgment entered.

For the first time in their reply brief, and at oral argument, appellants recast their argument to contend that the limitation of evidence regarding the Certificate of Authority during the damages phase of the case was prejudicial error. The reference to limitation of evidence in appellants' opening brief, however, was raised only as support for their argument that the district judge had improperly usurped the jury's obligation to determine willfulness based on his determination of Berov's credibility. Appellants did not argue that evidentiary error was a separate basis for reversal. Thus, this issue is not properly before us. *See, e.g., McCarthy v. S.E.C.*, 406 F.3d 179, 186 (2d Cir. 2005) ("[A]rguments not raised in an appellant's opening brief, but only in his reply brief, are not properly before an appellate court even when the same arguments were raised in the trial court.").

7

*III.*     *Whether the documents provided by the FBI were properly admitted*

There is no merit to appellants' contention that documents provided by the FBI should have been excluded, either because they were not authenticated as business records or because the chain of custody was insufficiently proven. A former employee of Berov authenticated the contested documents based upon his experience working with Berov, testifying regarding the format of reports used and Mr. Berov's signature. The former employee also testified regarding the chain of custody of the documents, as did plaintiff's prior counsel. This testimony provided a sound basis for the trial court to determine that the records had sufficient indicia of trustworthiness as business records. *See Saks Int'l, Inc. v. M/V Export Champion*, 817 F.2d 1011, 1013 (2d Cir. 1987). Furthermore, although appellants insist that it was critical that an FBI agent testify to chain of custody, it is only necessary that "[t]he chain of custody . . . be established with sufficient completeness to make it improbable that the original item either was exchanged with another or has been contaminated or tampered with," and "[s]light deficiencies in the chain of custody go to the weight of the evidence, not its admissibility." *Weinstein's Federal Evidence* § 901.03[3].

We have considered all of the appellants' other arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

8