10-4967-cv
Close-Up International, Inc. v. Berov

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of January, two thousand eleven.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges*.

_____

CLOSE-UP INTERNATIONAL, INC., FEDERAL STATE UNITARY ENTERPRISE KINOKONTSERN MOSFILM, and KINOVIDEOOBYEDINENIE KRUPNY PLAN,

*Plaintiffs-Appellees*,

v.                                                                              10-4967-cv

JOSEPH BEROV,

*Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT:        BERNARD V. KLEINMAN, White Plains, NY (Adam Richards, New York, NY, *on the brief for Defendant-Appellant.*

FOR PLAINTIFF-APPELLEES:        ALEC SAUCHIK, Khenkin & Sauchik, P.C., New York, NY, *for Plaintiffs-Appellees.*

_____

Motion for bail pending appeal of an order of contempt imposed in the United States District Court for the Eastern District of New York (Trager, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the case is **REMANDED** to the district court pursuant to *United States v. Jacobson*, 15 F.3d 19, 21-22 (2d Cir. 1994), for clarification of the basis for and scope of the contempt order and to address Berov's application for bail pending appeal, if necessary. Such hearings as may be necessary shall commence within seven days of the entry of this decision and shall be concluded as expeditiously as reasonably possible.

In April 2002, Close-Up International, Inc. ("Close-Up"), Kinovideoobyedinenie Krupny Plan, and Federal State Unitary Kinokontsern Mosfilm (collectively "plaintiffs") sued Joseph Berov and other defendants for copyright and trademark infringements. In November 2007, the district court entered a judgment of nearly three million dollars against Berov. We affirmed that decision in June 2010. *See Close-Up Int'l, Inc. v. Berov*, 382 F. App'x 113 (2d Cir. 2010) (summary order). In November 2010, Judge Trager entered an order holding Berov in contempt of court and ordering his arrest and detention until he pays the full judgment, plus interest, and the plaintiffs' attorneys' fees incurred in connection with that and prior contempt applications.

Berov now appeals that order and moves for bail pending appeal, arguing that he should be granted bail because he is not a flight risk and the contempt order was invalid because it was issued without a hearing. Because the nature of the district court's order is unclear, we **REMAND** the case to the district court to clarify the factual basis of the contempt finding and the purgation conditions that will secure Berov's release. If Berov again has occasion to seek

2

bail pending appeal from the clarified contempt order, that application should be heard in the district court in the first instance.

## I. Background

In April 2002, plaintiffs filed a civil suit against Berov and other defendants in the Eastern District of New York, alleging that the defendants were responsible for, *inter alia*, copyright and trademark infringement on hundreds of Russian language videos. In May 2006, the district court granted partial summary judgment in favor of the plaintiffs on the issue of liability. In March 2007, the court, noting that it appeared that Berov might have an intent to defraud his creditors and frustrate the enforcement of any judgment in plaintiffs' favor, entered a pre-judgment order of attachment against Berov for eleven million dollars. In April 2007, that order was amended and replaced with a new order of attachment for eleven million dollars under which: (1) plaintiffs were allowed to file liens on two pieces of real property owned by Berov in Brooklyn; (2) Berov was obligated to provide a schedule of all of his real property assets to plaintiffs; (3) Berov was ordered not to sell his real property for anything less than fair market value or to place any other mortgages or encumbrances on his properties; and (4) Berov was ordered to deposit with the Eastern District of New York all proceeds from any sale of his real estate. In June 2007, a jury awarded actual damages of $1,404,000.00 to plaintiffs.

In September 2007, plaintiffs moved to hold Berov in contempt, asserting that he had taken mortgage loans on certain properties in violation of the April 2007 order. In response Berov argued that: (1) the violations were harmless and not willful; (2) his other property assets were sufficient to meet the requirements of the judgment; and (3) the April 2007 order should be reduced because the June 2007 jury verdict demonstrated that plaintiffs would not receive the full

3

$11 million they expected. The court did not rule on plaintiffs' contempt motion because of Berov's assurances that they had an attachment adequate to support the expected final judgment.

In November 2007, the court entered a judgment of $2,827,004.88 jointly and severally against Berov and Rigma American Corporation and Group. Berov filed a timely appeal to this Court. He also applied to the district court for a stay of judgment pending appeal, asserting that he would be irreparably harmed if the judgment were enforced because he lacked the assets to pay the judgment. In December 2007, the district court denied this request. It noted that Berov's argument was contrary to his prior position that plaintiffs had secured an attachment on his property sufficient to enforce the final judgment.

While the appeal of the underlying money judgment was pending, in May 2008, plaintiffs requested an order from the district court: (1) finding Berov in contempt for obtaining mortgage loans totaling $787,226 on his property, allowing his property to fall into foreclosure, and failing to cooperate with plaintiffs' requests for information about his assets, in violation of the April 2007 Order; (2) directing that Berov transfer to the plaintiffs shares owned in Florida companies which own property in order to allow plaintiffs to place a lien on the property; (3) requiring Berov to produce documents as requested by the plaintiffs and to appear for deposition; and (4) restraining Berov from transferring his assets. Berov responded that he had complied with plaintiffs' requests and was trying to raise funds to satisfy the judgment. On June 12, 2008, the plaintiffs wrote to the court alleging that, "Mr. Berov said that during the past few months he has been transferring and hiding his assets and now Close-Up will no longer be able to collect on the judgment." That day, the court found Berov in contempt and ordered that Berov: (1) be restrained from transferring any assets including real property or personal property; (2) transfer to

4

plaintiffs his stock certificates for Florida companies holding properties and all documents of ownership of real property in the United States and abroad; (3) appear for a deposition and produce all documents requested by plaintiffs; and (4) disgorge the mortgage loan proceeds he received in contempt of the court's prior order. That June 2008 order further provided that "if Joseph Berov violates any provision of the Order, upon application of plaintiffs demonstrating such violation, he [will] be ordered to appear before this Court and surrender his passports or the imposition of other appropriate sanctions."

In December 2008, plaintiffs filed a letter with the court alleging that Berov had fraudulently taken out multi-million dollar loans secured by his New York properties which he then allowed to go into default in order to avoid payment, and that he held millions of dollars in assets in the Dominican Republic, Russia, and the Republic of Georgia. Plaintiffs also sought to transfer state foreclosure proceedings on certain of Berov's property to the district court's jurisdiction to ensure that plaintiffs would be paid as creditors. Following that letter, the court allowed plaintiffs to intervene in the foreclosure proceedings, and a year later in December 2009, following negotiations between Berov and the plaintiffs, the parties agreed to a partial settlement of the case and a $250,000 reduction in the amount of the final judgment. In April 2010, the plaintiffs and Berov consented to amend the April 2007 Order to release one piece of Berov's property from the order of attachment.

In June 2010, this Court denied Berov's appeal from the judgment entered against him. *See Close-Up Int'l, Inc.*, 382 F. App'x at 113. Following the denial of Berov's appeal, on November 18, 2010, Close-Up made an emergency ex parte application to the district court to hold Berov in contempt of court for violating the court's March 2007, April 2007, and June 2008

orders, and to order his immediate arrest and detention. In that application, Close-Up informed the Court that it had credible information that Berov was temporarily in New York and that because Berov was a flight risk, it was necessary to make the application without notice to either Berov or his counsel. In support of the application, Mikhail Sheydin, the Vice-President and Chief Executive Officer of Close-Up, provided a sworn affidavit setting out Berov's repeated, willful violations of the court's orders. Specifically, Sheydin asserted that Berov had: (1) failed to disgorge the mortgage loan proceeds received in contempt of the court's prior orders; (2) failed to produce documents as requested by the plaintiffs, including documents listing his worldwide assets, his assets in the Dominican Republic and other litigation that he is facing there, his assets in Russia, Abkhazia, and the Republic of Georgia, documents regarding how those assets were acquired or disposed of, and documents relating to his property in Florida.

On November 23, 2010, without notice to Berov or Berov's counsel, the district court found Berov in contempt and ordered, *inter alia*, that he be arrested by the United States Marshals Service, that many of his documents, including his passports, be seized, and that Berov remain in the custody of the Federal Bureau of Prisons until he purges his contempt by turning over to the plaintiffs the full amount of the judgment, plus post-judgment interest, and reasonable attorneys' fees incurred in connection with the costs of pursuing the contempt action against Berov.

At approximately 6 a.m. the following day, United States Marshals raided Berov's house, arrested him, and seized documents and property belonging to him and his girlfriend. On November 29, 2010, Judge Trager held a status conference in the case. At the conference Close-Up represented to the district court that the United States Marshals Service had seized Berov's

6

passports and evidence establishing that Berov was transferring assets out of the country. Judge Trager stated on the record that Berov would remain in jail until he satisfied the judgment or provided a full accounting, but in addition, Judge Trager offered Berov the opportunity to participate in an evidentiary hearing. In response, Berov's attorney said he would discuss the hearing with his client. Rather than request such a hearing, however, Berov filed a timely appeal with this Court. He has now moved for bail pending appeal.[1]

## II. Jurisdiction

As a preliminary matter, Close-Up argues that we lack jurisdiction over Berov's appeal because the district court's November 2010 order, which is a finding of civil contempt, is not final. *Cf. Commodity Futures Trading Comm'n v. Armstrong*, 284 F.3d 404, 405-06 (2d Cir. 2002) (holding that this Court did not have jurisdiction to hear an appeal from a civil contempt order where there was no final judgment, unless it found that the purgation conditions had rendered the order "punitive rather than coercive, thus effectively converting the district court's order into a final, appealable order for criminal contempt"). Berov, however, appeals from a civil contempt order that was issued after the district court's final order finding Berov liable to plaintiffs. Accordingly, we have jurisdiction "because where, as in this case, 'civil contempt proceedings are instituted after the conclusion of the principal action rather than during the pendency of the action, the order disposing of the contempt proceedings is appealable' as a final decision of a district court under 28 U.S.C. § 1291." *Latino Officers Ass'n City of New York,*

---

[1] The bail motion was scheduled for consideration by the panel on December 28, 2010. Through counsel, Berov sought oral argument on that motion, requesting that argument be held either on January 4 or January 11, 2011. The Court heard argument on the earlier of the two dates.

*Inc. v. City of New York*, 558 F.3d 159, 163 (2d Cir. 2009) (quoting *United States v. O'Rourke*, 943 F.2d 180, 186 (2d Cir. 1991)).

### III. Bail Pending Appeal

**A. The Basis for the District Court's Order**

In adjudicating Berov's application for bail pending appeal, we first consider the validity of the underlying contempt order to evaluate the merit of his pending appeal. "Ordinarily, we review the district court's legal determinations *de novo* and its factual determinations for clear error, but, because the power of a district court to impose contempt liability is carefully limited, our review of a contempt order for abuse of discretion is more rigorous than would be the case in other situations in which abuse-of-discretion review is conducted." *E.E.O.C. v. Local 638*, 81 F.3d 1162, 1171 (2d Cir. 1996) (internal quotation marks omitted). "A court may hold a party in civil contempt only if there is a clear and unambiguous order, noncompliance is proved clearly and convincingly, and the defendant has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Drywall Tapers and Pointers of Greater New York v. Local 530*, 889 F.2d 389, 394 (2d Cir. 1989) (internal quotation marks omitted). When a party is found in civil contempt, the sanction ordered must be issued to "coerce[] the defendant into compliance with the court's order, [or to] ... compensate[] the complainant for losses sustained." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) (internal quotation marks omitted). Thus, any purgation requirements set in a civil contempt order must serve one or more of those purposes. *See id.*

Berov's primary challenge to the district court's November 2010 contempt order is that the district court erred in finding him in contempt without providing notice or a hearing. *See*

8

*Local 638*, 81 F.3d at 1176 ("A party charged with contempt of court (except where the contempt is made in court and is summarily punished) is entitled to notice and an opportunity to be heard."). Close-Up contends that the November 2010 contempt order continued from the district court's June 2008 contempt order, that Berov has waived his right to challenge that June 2008 order, and that the June 2008 contempt order was issued with adequate procedures. After reviewing the record below and the parties' submissions in this case, we are unable precisely to determine either: (1) the nature of the district court's November 2010 order or (2) the factual basis for the order. We note there are several possible bases for the contempt order. For one, the contempt finding may have been based on the mortgage loans Berov took out in violation of the April 2007 order, in which case he was already found in contempt for those actions in June 2008. If that is the case, it is not apparent why it issued a second contempt order and why the sanctions imposed in November 2010 were required. Alternatively, the contempt finding may have been based on Berov's failure to comply with the June 2008 order, either because of his failure to disgorge the profits from his contumacious mortgage loans or his failure to comply with plaintiffs' discovery requests. If so, we ask the district court to clarify whether the most recent order gives effect to the June 2008 order's provision for the confiscation of Berov's passport and the imposition of additional sanctions. Yet another possibility is that the contempt order was based on evidence of more recent conduct by Berov that gave the district court the impression that he was a flight risk who was trying to remove his assets from the United States to avoid paying the judgment owed to plaintiffs. Further, the contempt order and the resulting sanctions could have stemmed both from Berov's earlier contumacious conduct and his failure to comply with the June 2008 order *and* from more recent conduct.

In reviewing these alternatives, we note that on November 29, 2010, Judge Trager offered to conduct an evidentiary hearing with respect to the contempt allegations. Berov, through counsel, declined to participate in the hearing and instead appealed to this Court. An evidentiary hearing is precisely what is needed to clarify the basis for the contempt order. At oral argument both sides indicated they would welcome an evidentiary hearing. Accordingly, we remand the case to the district court to conduct whatever hearing it deems necessary so it may clarify the factual basis for the contempt finding. Such a remand will provide the supplementation of the record needed to address Berov's application for bail pending appeal. *See Jacobson*, 15 F.3d at 21-22.

We note that in light of Judge Trager's sad passing on January 5, 2011, this matter will be addressed on remand by a new district court judge. Because of this fact, and without expressing any views on the merits of the November 2010 order, we state explicitly that the district court may, if it sees fit, reconsider that order in the course of supplementing the record to assist this panel. The district court, in reconsidering the matter, must keep in mind the following. While, in certain circumstances, "civil confinement pursuant to a civil contempt order is a valid method of assuring compliance with judgments," *Tauro v. Allegheny Cnty.*, 371 F. App'x 345, 348 (3d Cir. 2010) (unpublished) (citing *Chadwick v. Janecka*, 312 F.3d 597, 613 (3d Cir. 2002)), "[o]ur society closed its debtor's prisons long ago," *United States v. Big Crow*, 327 F.3d 685, 689 (8th Cir. 2003). If, on remand, the district court concludes that Berov should remain in confinement for contempt, it should set forth clearly that Berov is in contempt not merely for failing to pay the judgment but for disregarding clear and unambiguous orders of the court with which he is financially able to comply. In this respect, although the basis for the court's November 23, 2010

10

amended order is unclear, the district court held in that order that Berov could obtain his release from prison by paying the full amount of the judgment, though the district court did, at the subsequent November 29 hearing, express some willingness to modify that condition. If, indeed, the district court on remand orders that Berov cannot purge his contempt without satisfying the entire judgment, it must clearly identify its basis for doing so. Alternatively, the district court may, as it sees fit, modify the sanctions imposed, including the purgation requirements by which Berov can end his detention, to ensure that any sanctions are tailored to the contempt Berov committed and would appropriately "coerce[] the defendant into compliance with the court's order, [or] . . . compensate[] the complainant for losses sustained." *Bagwell*, 512 U.S. at 829. Finally, the district court may also reconsider whether Berov's conduct justifies the imposition of attorneys' fees. *Cf. Jacobs v. Citibank, N.A.*, 318 F. App'x 3, 5 n.3 (2d Cir. 2008) (summary order) (noting that the circumstances under which a court may order attorneys' fees as a sanction for violating a court order appears to remain an open issue in this Circuit).

## B. Bail

Because we remand this case for clarification of the district court's contempt finding, we do not now decide Berov's motion for bail pending appeal. We note, however, that to the extent Berov's principal claim on appeal is that he was improperly denied a hearing by the district court judge, the fact that he was offered such a hearing and declined it would appear to render success on this claim unlikely — a factor undercutting any entitlement to bail pending appeal at present. At any rate, if upon the district court's clarification or reconsideration of the November 2010 order Berov still seeks appellate review and bail pending appeal, he should apply for bail to the district court in the first instance, as that court is better able to determine what, if any, bail

11

conditions would be appropriate with respect to Berov's release. *See United States v. Hochevar*, 214 F.3d 342, 344 (2d Cir. 2000) (noting that district courts normally are better able to resolve applications for bail pending appeal than appellate courts).

In addressing any such application for bail, the district court should bear in mind that although this Court has said that federal courts have inherent power to grant bail pending appeal to those under their jurisdiction, *Mapp v. Reno*, 241 F.3d 221, 224-28 (2d Cir. 2001), neither this Court nor the Supreme Court has established a standard for granting bail pending appeal from a civil contempt order. We do not now decide the standard for adjudicating an application for bail pending review of a civil contempt order. However, we note that while Berov suggests (and Close-Up does not contest) that his bail application should be evaluated using 18 U.S.C. § 3143(b)'s provisions for the grant of bail pending appeal in a criminal case as guidance, § 3143(b) does not directly apply in this case because it is not a criminal proceeding. Considering that a civil contemnor is ordinarily "able to purge the contempt and obtain his release by committing an affirmative act, and thus carries the keys of his prison in his own pocket," *Bagwell*, 512 U.S. at 828 (internal quotation marks omitted), a different standard of review than that applicable in criminal cases may be appropriate when a detainee seeks bail pending appeal from a civil contempt order. *Cf. Mapp*, 241 F.3d at 230 (noting that "a court considering a habeas petitioner's fitness for bail must inquire into whether the habeas petition raise[s] substantial claims and [whether] extraordinary circumstances exist[] that make the grant of bail necessary to make the habeas remedy effective" (alterations in original, internal quotation marks omitted)).

12

While this case proceeds, Berov remains incarcerated. Accordingly, we order the district court to act forthwith in commencing such hearings as may be necessary within seven days of the entry of this decision and to conclude such hearings as expeditiously as reasonably possible.

### IV. Conclusion

For the foregoing reasons, we **REMAND** the case to the district court pursuant to the procedures set forth in *Jacobson*, 15 F.3d at 21-22, for clarification of the basis for and scope of its contempt order and to address Berov's application for bail pending appeal if necessary, and we hereby cede to the district court such jurisdiction as necessary for it to address and resolve the issues that are subject of this summary order. The proceedings in the district court on remand must commence within seven days of the date this opinion is filed and must be concluded as expeditiously as reasonably possible. The Clerk of Court shall forthwith transmit a copy of this order to the Clerk of the United States District Court for the Eastern District of New York. The parties are to inform the Clerk of the Court by letter within twenty-one days of the district court issuing its decision if either side wishes to appeal from the disposition of Berov's motion for bail. Following such notification, jurisdiction over the bail appeal will be automatically restored to this Court without need for either party to file a new notice of appeal. After jurisdiction is restored, this panel will resume consideration of the motion for bail.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

13